## STATE v. HENRY CHARLES.

### (Filed 11 April, 1928.)

**Receiving Stolen Goods—Indictment—Evidence—Same Class of Crime.**

An indictment charging the defendant with "receiving stolen goods," etc., with evidence tending to show the receiving on several occasions, does not require the solicitor to select the count on which he would proceed, on defendant's motion, each offense being of the same class of crime. C. S., 4622.

APPEAL by defendant from *Deal, J.,* at January Term, 1928, of FORSYTH. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*McMichael & McMichael and William Graves for defendant.*

PER CURIAM. The three counts in the indictment charge the defendant with having received on 15 December, 1927, certain goods, chattels and moneys, knowing them to have been stolen. He was acquitted on the last two counts and convicted on the first. From the sentence pronounced he appealed, assigning error.

There was evidence that the stolen goods had been delivered to the defendant on different occasions, and for this reason he made a motion to quash the indictment and to require the solicitor to elect as to the count on which he would proceed. Both motions were declined. It will be noted that the defendant is charged with "two or more transactions of the same class of crimes," which were consummated, according to a part of the evidence, in pursuance of a previous agreement between himself and those who committed the larceny; and under these circumstances we find no error in his Honor's ruling. C. S., 4622; *S. v. Malpass,* 189 N. C., 349; *S. v. Jarrett, ibid.,* 516.

The other assignments present no sufficient cause for granting a new trial.

No error.