. STATE .v. C. H. HARVELL ALIAS CHARLIE HARVELL.

(Filed 22 October, 1930.)

**1. Criminal Law J e—Motion to set aside judgment as against the weight of the evidence is addressed to discretion of trial court.**

A motion to set aside a verdict in a criminal action on the ground that it is against the weight of the evidence is addressed to the sound discretion of the trial court, and his action is not reviewable on appeal in the absence of abuse.

2. **Criminal Law I f—Court has power to consolidate actions, and upon general verdict of guilty to enter judgment on each offense.**

Where the trial of two separate criminal indictments are consolidated by the judge and tried together as authorized by C. S., 4622, and a general verdict of guilty is returned by the jury, the verdict will apply to each indictment, and judgment pronounced on one of them, but execution suspended on terms agreed upon, and judgment and sentence entered as to the other, is not objectionable on the ground that only one judgment should have been entered, and *held* further, the sentences being concurrent, the defendant was not prejudiced.

APPEAL by defendant from *Cranmer, J.,* at April Term, 1930, of BRUNSWICK. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*R. M. Kermon for defendant.*

ADAMS, J. Two bills of indictment were returned against the defendant charging him with a violation of the prohibition law on 5 August, 1929, and 30 March, 1930, respectively. Without objection the indictments were tried together, and on each the defendant was convicted. In the first, judgment was pronounced, but execution was suspended upon terms to which the defendant consented; in the second, the defendant was sentenced to imprisonment and to the roads.

The record contains only two exceptions. The first relates to the refusal of the judge to set aside the verdict on the ground that it was contrary to the weight of the evidence—a matter within the discretion of the judge and not reviewable on appeal when not abused. *Hoke v. Tilley,* 174 N. C., 658; *Bailey v. Mineral Co.,* 183 N. C., 525.

The second exception is that as both indictments were tried together only one judgment should have been pronounced. The defendant was tried upon distinct indictments which the trial court was authorized to consolidate. C. S., 4622.

Where there are several counts and each is for a distinct offense, a general verdict of guilty will apply to each and judgment may be pronounced on each count. *S. v. Mills,* 181 N. C., 530. In any event since the sentences are concurrent the defendant was not prejudiced in this respect.

No error.