## STATE v. HOWARD COMBS and HOFFMAN WELLS.

(Filed 29 April, 1931.)

**1. Criminal Law I f—Motion for consolidation of actions is addressed to discretion of trial court.**

When not subject to legal objection, a motion by the solicitor to consolidate two criminal actions for trial is addressed to the discretion of the trial judge, and where prosecutions for housebreaking and larceny on two occasions during the same night against two defendants are consolidated without objection, and the charges are so connected in time and place that evidence of guilt in one action is competent in the other, the order of the trial judge consolidating the actions will not be held for error on appeal. C. S., 4622.

**2. Jury C a: Appeal and Error J e—Inadvertence in empaneling jury held not to constitute prejudicial error.**

Where two defendants on trial for criminal offenses have been convicted by the jury which has been duly sworn, a mistake by the clerk in empaneling them, that they should "well and truly try the case between C. and W.," failing to say the action was by the State of North Carolina, will not alone be held for reversible error, it appearing that the trial proceeded without prejudice to the defendants.

**3. Evidence K c—Finding that witness is expert is conclusive when there is evidence supporting such finding.**

The qualification of a witness to testify as an expert in finger prints is a preliminary matter for the court, and his finding that a witness is an expert is not reviewable on appeal when there is evidence to support his finding.

**4. Criminal Law G p—Finger print testimony by expert held competent, the probative force being for the jury.**

It is competent for a witness who has qualified as an expert in finger prints to testify that finger prints found on a bottle at the place of the crime were identical with the finger prints taken of the defendant, the probative force of such testimony being for the jury.

APPEAL by defendants from *Quickel, J.*, at November Special Term, 1930, of SURRY. No error.

Two indictments pending in the Superior Court of Surry County were, on motion of the Solicitor for the State, consolidated for trial.

In each of said indictments, both the above-named defendants were charged with the commission of felonies, to wit, housebreaking (C. S., 4235), and larceny of property exceeding in value the sum of twenty dollars. (C. S., 4252.)

In one of said indictments it was alleged that on 22 May, 1930, the defendants broke into and entered a building in Surry County, and stole therefrom an automobile, the property of John Thomas, of the value of $200; in the other indictment, it was alleged that the defendants on the same day, to wit, 22 May, 1930, broke into and entered another building in Surry County, and stole therefrom certain articles of wearing apparel, to wit, men's suits and women's dresses, the property of D. E. Koontz, of the value of $100.

Neither of the defendants objected to the consolidation of the two indictments, at the time the order for such consolidation was made by the court. After the indictments had been consolidated, each defendant entered a plea of not guilty, and jurors were thereupon duly chosen and sworn to try the issue between the State and the defendants.

After the jurors were sworn, the clerk of the court addressed them as follows:

"Gentlemen of the jury, you have been sworn, and you are now empaneled to well and truly try this case between Hoffman Wells and Howard Combs. You will sit together, hear the evidence and render your verdict accordingly."

At the trial, the evidence introduced by the State tended to show that the crimes charged in the indictments had been committed as alleged therein. The evidence introduced by the defendants did not tend to show the contrary. The defendants denied that they had broken into or entered either of the buildings described in the indictments, and denied that they had stolen either the automobile or the wearing apparel. Their evidence tended to show that each of the defendants was at his home in the town of Mount Airy in bed and asleep at the time the crimes were committed.

John Thomas, a witness for the State, testified that during the night of 22 May, 1930, his automobile—a Chevrolet roadster—was stolen from Hawke's Garage, which is located in the rear of his home in the town of Mount Airy. The automobile was worth $250. It was returned to the witness the next day by police officers of the town of Mount Airy.

D. E. Koontz, a witness for the State, testified that during the night of 22 May, 1930, the building located in the town of Mount Airy, and occupied by the witness as proprietor of a pressing club, was entered

through a window which faced on the street, and that several men's suits and women's dresses, of the value of $100, were stolen from the building. These articles of wearing apparel, which were the property of the witness, were returned to him the next day by police officers of the town of Mount Airy.

The defendants, each testifying as a witness in his own behalf, admitted that they were together during the afternoon preceding the night when the buildings were entered and the property stolen, in the vicinity of the building occupied by D. E. Koontz as a pressing club. They remained together during the evening until about 10 o'clock, when they separated, each going to his own home for the night.

A police officer of the town of Mount Airy testified that he was on duty, patrolling the streets of said town, during the night of 22 May, 1930. At about 2 o'clock a.m., this witness saw on the streets of said town a Chevrolet roadster, driven by the defendant, Howard Combs. There were two men in the roadster when the witness first saw it at a distance of 300 or 400 yards from Koontz's pressing club. The witness recognized one of these men, the driver, as the defendant, Howard Combs. He did not recognize the other man in the roadster, and did not undertake to identify the defendant, Hoffman Wells, as the companion at the time of the defendant, Howard Combs. The witness followed the roadster until it was driven out of town. When the driver of the roadster realized that the witness, an officer, was pursuing him, he drove the automobile off the road, and into a meadow. He stopped the automobile near a hay-stack. The two men, who were in the automobile when the witness first saw it on a street in the town of Mount Airy, jumped and ran, leaving the motor running and the lights burning. The witness pursued them through the meadow, but was unable to overtake them. Both men escaped. The grass in the meadow was wet with dew.

When the witness went to the automobile he found a number of men's suits and women's dresses in it. The next day the automobile was identified by John Thomas as his property. It was delivered to him by the police officers. The men's suits and women's dresses were identified by D. E. Koontz as his property. They were delivered to him by the police officers.

A witness for the State testified that he discovered the next day a track on the ground near the window in the building occupied by D. E. Koontz as a pressing club. There was evidence tending to show that this track was made by the shoe found on the foot of the defendant, Hoffman Wells, when he was arrested. There was also evidence tending to show that the bottom of the pants worn by the defendant, Hoffman Wells, the morning after the automobile and wearing apparel were stolen, were wet.

22—200

For the purpose of showing that the defendant, Hoffman Wells, broke into and entered the building occupied by D. E. Koontz, as a pressing club, during the night of 22 May, 1930, the State introduced as evidence the testimony of a witness who testified that some time during the succeeding day he examined some bottles, which the evidence showed had been moved during the said night from the inside ledge of the window through which the building was entered; that on one of these bottles the witness discovered a finger print which he developed by a method in general use by finger-print experts; that by means of a magnifying glass he compared this finger print with a finger print which the witness made of the little finger on the left hand of the defendant, Hoffman Wells; and that, in the opinion of the witness, the two finger prints were identical. Before this testimony was admitted, the court heard evidence as to the qualification of the witness to testify as an expert in the art of identifying finger prints. The witness was held to be an expert.

Upon all the evidence submitted to the jury, there was a verdict of guilty. On this verdict, it was adjudged by the court that the defendants be imprisoned in the State's Prison for terms of not less than two nor more than three years, at hard labor, as punishments, respectively, for the felonies charged in each indictment, the terms, however, to be concurrent.

From this judgment defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*H. O. Woltz and R. A. Freeman for defendants.*

CONNOR, J. The motion of the Solicitor for the State that the two indictments in which both defendants were charged with the same crimes, be consolidated for trial, was addressed to the discretion of the court. The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others. C. S., 4622. *S. v. Cooper,* 190 N. C., 528, 130 S. E., 180; *S. v. Jarrett,* 189 N. C., 516, 127 S. E., 590; *S. v. Malpass,* 189 N. C., 349, 127 S. E., 248. In *S. v. Lewis and Padrick,* 185 N. C., 640, 116 S. E., 259, it is said: "If the several bills could have been incorporated in a single indictment as separate counts, there was no sufficient legal objection to the order of consolidation, and in the absence of legal objection the question was addressed to the sound discretion of the court."

In the instant case, it appears that no objection was made by the defendants or by either of them to the consolidation at the time the order was made by the court. The exception first noted in the case on appeal served by defendant's counsel on the Solicitor cannot be considered in this Court. The assignment of error based on the exception to the consolidation of the two indictments for trial, cannot be sustained.

There is no statute in this State relative to the manner in which a jury shall be empaneled for the trial of either a civil or criminal action. The language used by the clerk in his address to the jurors, after they had been duly sworn, was manifestly inadvertent. The judge might very well have directed the clerk to address the jury in the customary language. His failure to do so, however, upon defendant's objection to the language used by the clerk, was not such error as entitles defendants to a new trial. It does not appear that either of the defendants has been prejudiced by the irregularity.

There was evidence tending to show that the witness offered by the State as a finger-print expert, having completed a course of instruction approved by the Superintendent of the Finger Print Department of the United States Army and Navy, requiring two years of study, was qualified to testify as an expert in the art of identification by comparison of finger prints. For this reason, the finding by the trial court that the witness was an expert in the art, and was qualified to testify as such, is not reviewable by this Court on defendant's appeal. *S. v. Wilcox*, 132 N. C., 1120, 44 S. E., 625, and numerous cases in which it is uniformly held that whether a witness is an expert is a preliminary fact to be found by the trial court, and that when there is any evidence to sustain such finding, it is conclusive on appeal. *Geer v. Durham Water Co.*, 127 N. C., 349, 37 S. E., 474.

The testimony of the witness that he had compared a finger print taken by him of the little finger of the left hand of the defendant, Hoffman Wells, with a finger print discovered by the witness on the bottle which the evidence showed had been moved from the inside ledge of the window in the building which had been entered during the night of 22 May, 1930, after D. E. Koontz, the proprietor of the pressing club, had left the building, and that in the opinion of the witness, formed upon such comparison, the finger prints were identical, was competent as evidence tending to show that the defendant, Hoffman Wells, moved the bottle during said night. This fact, if found by the jury, was relevant to the question involved in the issue submitted to them. Assignments of error based upon exceptions to the finding by the court that the witness was an expert, and to the admission of the testimony of the witness, cannot be sustained.

This is apparently the first case .in which this Court has been called on to decide the question as to whether testimony tending to identify a person by means of finger prints is competent as evidence for that purpose. We see no reason why such testimony, when the witness whose testimony is offered as evidence has first been found by the trial court to be an expert in the art, is not competent. The probative value of the evidence is, of course, for the jury. It has been so held by courts of other jurisdictions. In *Willoughby v. State of Mississippi*, reported in 63 A. L. R., at page 1319, it is said: "The evidence of finger print identification has, for a long time, been recognized by the courts of the country as admissible in evidence in order to establish the identity of a party when the comparison of a developed finger print with that of the party alleged to have made it is shown; and such testimony has been received in India, England and the United States. The courts of the country have yielded to the assertion of science that the finger prints of each individual may, by experts skilled in the science, be differentiated from those of any other person." See full annotation in 63 A. L. R., 1324, supplementing previous annotations in American Law Reports.

Other assignments of error relied upon by defendants on their appeal to this Court have been considered. They cannot be sustained. The judgment is affirmed.

No error.