STATE v. CHARLIE WATERS.

(Filed 20 November, 1935.)

1. **Criminal Law I f—Trial court may consolidate for trial separate offenses of the same class.**

   Defendant was tried separately in municipal court on two warrants, each charging assault with a deadly weapon, but upon different persons on separate occasions about fifteen days apart. On appeal to the Superior Court, the court, upon motion of the solicitor, consolidated the cases for trial. *Held:* Under the provisions of C. S., 4622, the order of consolidation was within the discretionary power of the trial court. ·

2. **Criminal Law I j—**

   Motions to nonsuit on conflicting evidence are properly denied.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the defendant from *Parker, J.,* at June Term, 1935, of LENOIR. Affirmed.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Shaw & Jones for defendant, appellant.*

SCHENCK, J. There are two cases against the defendant that came to the Superior Court by appeal from the municipal county court of Kinston and Lenoir County. The warrant in one case charges the defendant with an assault with a deadly weapon, to wit: A club, upon one Rogers, on 3 March, 1935, and the warrant in the other case charges the defendant with an assault with a deadly weapon, to wit: A knife, upon one Lokey on 18 March, 1935.

When called for trial, upon motion of the solicitor, the two cases were ordered consolidated, and to this order of consolidation the defendant in apt time objected, and makes his exception based upon this objection his principal assignment of error.

C. S., 4622, reads as follows: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, *or for two or more transactions of the same class of crimes or offenses,* which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court will order them to be consolidated. . . ."

Since the two transactions delineated in the two warrants are of the "same class of crimes," the consolidation of the two cases for the purpose of trial rested in the sound discretion of the trial judge.

The other assignments of error brought forward in the brief relate to the refusal of the court to allow defendant's demurrer to the evidence. While the evidence is conflicting, it was sufficient to carry both cases to the jury, and since the jury returned a verdict of guilty on both charges, these assignments can avail the plaintiff nothing.

No error.

DEVIN, J., took no part in the consideration or decision of this case.