### STATE v. HECTOR NORTON.

(Filed 16 December, 1942.)

**1. Indictment § 8: Criminal Law § 47—**

The court is authorized by statute to order the consolidation for trial of two or more indictments, in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others. C. S., 4622.

**2. Criminal Law § 41g—**

Ordinarily, a defendant in a criminal action is competent and compellable to testify for or against a codefendant, provided his testimony does not incriminate himself.

**3. Criminal Law § 52b—**

When upon the trial of a criminal action, the State produces its evidence and rests, and the defendant preserves his exception to the refusal of his motion for judgment as of nonsuit, and, after offering evidence and the case closed, defendant renews his motion for judgment as of nonsuit, the court must act, not only in the light of the evidence of the State, but of all the evidence, C. S., 4643; and, in such case, the defendant is entitled to the benefit only of his exception to the refusal of the latter motion.

**4. Criminal Law § 47—**

In the trial of two or more defendants, who have been separately indicted and their cases consolidated for trial, each defendant is entitled to have the jury pass upon his guilt or innocence independently of the guilt or innocence of his codefendant.

APPEAL by defendant from *Rousseau, J.,* at March Term, 1942, of SCOTLAND.

Criminal prosecution upon indictment purportedly charging defendant with assault upon one Floyd Breeden with deadly weapon with intent to kill.

The record and case on this appeal show these facts: Defendant Hector Norton and Liston Carter and Erwin Mumford were each charged in separate bills of indictment with an assault upon one Floyd Breeden with a deadly weapon, with intent to kill. The three cases were by order of the court, and without objection, consolidated and tried together. Before the taking of evidence was concluded, Erwin Mumford entered a plea of guilty. At close of evidence for the State, motion of defendant Hector Norton for judgment as of nonsuit was denied, to which he excepted. Thereupon, defendant Liston Carter, and others in his behalf, testified. Defendant Hector Norton, in his own behalf, also testified. And at the close of all the evidence, defendant Hector Norton

renewed his motion for judgment as of nonsuit, to denial of which he excepted.

The record further shows that after being out for a short time the jury returned to the courtroom when and where the court, upon inquiry in regard thereto, being informed that a verdict had not been reached, gave instruction as to the duty of the jury in respect to reaching a verdict; that after the jury had deliberated "for some time," the court sent for the jury to return to the courtroom, and inquired if the court could be of help, to which the foreman replied in the negative; that, thereupon, the court gave more extended instructions as to duty of jurors with respect to arriving at a verdict; that, thereupon, the foreman stated: "There is just a question of one of the defendants. Can we render a verdict on one and not decide on the other, or not?" To which the court replied, "No, you cannot." To this last instruction, defendant Hector Norton excepts.

The record further shows that, after further deliberation, the jury again returned to the courtroom, with request to have read a part of testimony of Norton and of Breeden, after which the jury retired, and "shortly thereafter" rendered a verdict, finding both Liston Carter and Hector Norton guilty of an assault on Floyd Breeden with a deadly weapon.

Judgment as to defendant Hector Norton: Confinement in the common jail of Scotland County for a period of twenty-two months to be assigned to labor under the supervision of the State Highway and Public Works Commission.

Defendant Hector Norton appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Thos. J. Dunn for defendant, appellant.*

WINBORNE, J. There are two questions for decision:

First: Is there error in refusing motion for judgment as of nonsuit at close of all the evidence under provisions of C. S., 4643?

Appellant concedes that if testimony of his codefendant, Liston Carter, and his witnesses be taken into consideration in passing upon the motion, the evidence against him, Hector Norton, presents a case for the jury. He contends, however, that in view of the fact that he is charged in separate bill of indictment from that against his codefendant, Liston Carter, the consolidation of the cases for purpose of trial should not deprive him of the right to nonsuit, upon the evidence offered by the State supple-

mented by such of his own testimony, and inferences therefrom, as are favorable to the State. The position is untenable.

In the first place, defendant has not challenged the consolidation of the two indictments for trial. The offenses charged are of the same class, relate to an assault upon the same person, and appear to be so connected in time and place as that evidence at the trial upon one of the indictments would be competent and admissible at the trial of the other. In such cases there is statutory authority for consolidation. C. S., 4622; *S. v. Combs,* 200 N. C., 671, 158 S. E., 252; *S. v. Rice,* 202 N. C., 411, 163 S. E., 112; *S. v. Chapman,* 221 N. C., 157, 19 S. E. (2d), 250, and numerous cases there cited.

In *S. v. Combs, supra,* it is said: "The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others."

Furthermore, ordinarily, a defendant in a criminal action is competent and compellable to testify for or against a codefendant, provided his testimony does not incriminate himself. *S. v. Smith,* 86 N. C., 705; *S. v. Weaver,* 93 N. C., 596; *S. v. Medley,* 178 N. C., 710, 100 S. E., 591; *S. v. Perry,* 210 N. C., 796, 188 S. E., 648.

Moreover, in the present case not only did the codefendant of appellant testify, but others not interested in the event of the action testified against him.

It is also provided by statute, C. S., 4643, as construed by decisions of this Court, that when on trial of a criminal action in the Superior Court, or in any criminal court, the State has produced its evidence and rested its case, and defendant has preserved exception to the refusal of the court to allow his motion then made for judgment as in case of nonsuit, and, after offering evidence, and the case is closed, defendant renews his motion for judgment as in case of nonsuit, the court must act upon the latter motion in the light not only of evidence offered by the State, but of all of the evidence then before the court. C. S., 4643; *S. v. Killian,* 173 N. C., 792, 92 S. E., 499; *S. v. Pasour,* 183 N. C., 793, 111 S. E., 779; *S. v. Earp,* 196 N. C., 164, 145 S. E., 23.

In such case defendant is entitled to the benefit only of exception to the refusal of the latter motion. C. S., 4643; *S. v. Brinkley,* 183 N. C., 720, 110 S. E., 783.

Second: Did the court err when, in answer to this question of the jury, speaking through its foreman, "Can we render a verdict on one and not decide on the other . . . ?" The court replied, "No, you cannot." The instruction standing alone is erroneous. The Attorney-General con-

cedes this, but earnestly contends (1) that if it be considered with other portions of the instructions, no error appears; and (2) that if, whether taken alone or in conjunction with other portions of the instructions, it be erroneous, there is nothing in the record, other than the three affidavits appearing in but not a part of the record, to show that defendant Norton has been prejudiced thereby. While it is true that, just before this question was asked by the jury, the court gave pertinent instruction as to the duty of the jury with regard to reaching a decision, to which no exception is taken, we are unable to agree that no error appears. And, though the affidavits be eliminated as they should be and not considered, and we do not consider them, the instruction, given under the existent circumstances, is clearly prejudicial to appellant. The question of the foreman manifests that the jury was having trouble in agreeing on a verdict as to one of the defendants. The instruction of the court, in response to the question, was tantamount to ruling that the guilt or innocence of each defendant depended upon the guilt or innocence of the other—that the verdict as to both should be guilty or not guilty—that the jury could not find one guilty and fail to agree as to the other. Appellant was entitled to have the jury pass upon his guilt or innocence independent of the guilt or innocence of his codefendant. Hence, as the instruction was erroneous, we must assume, in passing upon appropriate exception thereto, that the jury, in coming to a verdict, was influenced by that portion of the charge which is incorrect. *S. v. Starnes*, 220 N. C., 384, 17 S. E. (2d), 346; *S. v. Floyd*, 220 N. C., 530, 17 S. E. (2d), 658. The error is, as stated by *Stacy, C. J.*, in *S. v. Kline*, 190 N. C., 177, 129 S. E., 417, "one of those casualties which, now and then befalls the most circumspect in the trial of causes on the circuit." See *S. v. Starnes, supra; S. v. Floyd, supra.* Nevertheless, for reason stated, let there be a

New trial.