STATE v. KATHRYN B. CRUSE, FRED O. CRUSE AND MAX E. CRUSE.

(Filed 30 November, 1960.)

1. **Bills and Notes § 19—**

A person authorized to sign his name under the printed name of his employer on the employer's checks, and who does so under direction merely as a clerical task to authenticate the checks, cannot be found guilty of violating G.S. 14-107 upon the non-payment of the checks for insufficient funds.

2. **Same—**

Persons directing their employee to issue checks on the firm's account, knowing at the time that the firm did not have sufficient funds or credits with the drawee bank to pay the checks on presentation, are guilty of knowingly putting worthless commercial paper in circulation. G.S. 14-107.

3. **Criminal Law § 87—**

The court has authority to order prosecutions of several defendants for offenses growing out of the same transaction to be consolidated for trial.

4. **Bills and Notes § 20—**

Evidence that defendants instigated the drawing of checks on their firm's account and the delivery of the checks to creditors of the firm in payment of the firm's indebtedness, together with testimony of officers of the drawee bank that the firm did not have sufficient funds or credits therein to provide payment of the checks on presentation, and that defendants knew they could not draw on paper accepted by the bank merely for collection until the items had been collected, is sufficient to support a finding by the jury that the checks were drawn and delivered at the instigation of defendants with knowledge that the maker was without funds or credits sufficient to provide payment.

5. **Same—**

The fact that a firm's checks are payable to its own order and delivered without endorsement to its creditor for collection does not affect the liability of those instigating the issuance of the checks under G.S.

14-107, when at the time such persons have knowledge that the firm had insufficient funds or credits with the drawee bank with which to pay same.

**6. Bills and Notes § 6—**

Where a check is made payable to the drawer's own order and delivered to the drawer's creditor without endorsement, the right to collect passes to the lawful holder by mere delivery, and he has the right to demand endorsement. G.S. 25-55.

**7. Bills and Notes § 20:   Criminal Law § 34—**

In a prosecution for issuing worthless commercial paper with knowledge that there were insufficient funds on deposit or to the credit of the drawer with which to pay same, the issuance of other worthless checks by the drawer during the same period is competent for the purpose of showing *scienter.*

APPEAL by defendants from *Pless, J.,* May 1960 Special Term, of CABARRUS.

Seven warrants were issued by the County Recorder's Court of Cabarrus County for each defendant. Each of the warrants for defendant Kathryn B. Cruse charged that on a specific date she drew and delivered to a person named in the warrant a check on a named bank for a specific amount, knowing at the time that she did not have sufficient funds on deposit in or credit with the bank to pay the check upon presentation.

Each of the warrants for defendants Fred O. Cruse and Max E. Cruse charged the named defendant with soliciting, aiding, and abetting Kathryn B. Cruse in drawing and delivering a check to a named person on a named bank for a specific amount, which check was drawn by Kathryn B. Cruse for Farmers Livestock Market and on its account in said bank with knowledge at the time of such aiding and abetting that Farmers Livestock Market did not have sufficient funds on deposit in or credit with said bank to pay the check on presentation, in violation of G.S. 14-107.

Each defendant was convicted on each warrant in the recorder's court. On appeal to the Superior Court the jury returned a verdict of guilty as to each defendant on each of the charges. Judgments were entered on the verdicts and defendants appealed.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Kenneth B. Cruse and C. M. Llewellyn for defendant, appellants.*

RODMAN, J.   On the trial it was stipulated that Fred O. Cruse,

Max E. Cruse, and Kermit L. Cruse were the owners and operators of Farmers Livestock Market, doing business under that trade name; that Kermit L. Cruse did not actively participate in the operation of the business; that Kathryn B. Cruse, wife of Fred O. Cruse, "was employed as a secretary in the office of said firm."

The owners and operators of Farmers Livestock Market were engaged in selling livestock at auction. For this service the business received a commission computed on the selling price of the livestock. Farmers Livestock Market issued its check to the owner of the livestock so sold for the amount bid less commissions and service charges made by Farmers Livestock Market.

During the periods named in the warrants, Farmers Livestock Market carried accounts with the Bank of Rockwell and Piedmont Bank and Trust Company. It used for payment of its obligations printed forms of checks with the printed name of Farmers Livestock Market as the drawer or maker. Seven owners of livestock made sales in January and February. Each received in payment a check on the depositary bank named in the warrant. These checks bore the signature of Kathryn B. Cruse under the printed name of Farmers Livestock Market. She was authorized to sign checks on the bank accounts of Farmers Livestock Market. Each check so signed was delivered to the person named in the warrant.

From the admissions and the testimony it is apparent that Kathryn B. Cruse did not give her personal check on her bank account for the livestock sold at auction, as charged in the warrants. All she did was perform the clerical task of filling in the printed forms and signing the same to authenticate the instrument as a check of Farmers Livestock Market. There is no evidence to show that she violated the provisions of G.S. 14-107 as charged in the warrants. *S. v. Dowless,* 217 N.C. 589, 9 S.E. 2d 18. There was error in refusing to allow her motion for nonsuit.

The warrants for Fred O. Cruse and Max E. Cruse charge them with aiding and abetting Kathryn B. Cruse in drawing and delivering checks of Farmers Livestock Market on the banks named in the warrants, knowing at the time that Farmers Livestock Market did not have sufficient funds on deposit in or credit with the named banks to pay the checks on presentation.

Each warrant for Fred O. and Max E. Cruse stated facts constituting the crime defined in the second paragraph of G.S. 14-107. The motion to quash based on the asserted failure to charge facts constituting a criminal act was properly overruled. *S. v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745; G.S. 15-153.

The exception to the order consolidating the cases for trial is without merit. The court had plenary authority to order the consolidation. G.S. 15-152; *S. v. Bryant*, 250 N.C. 113, 108 S.E. 2d 128.

The act made criminal by G.S. 14-107 is knowingly putting worthless commercial paper in circulation. *S. v. Yarboro*, 194 N.C. 498, 140 S.E. 216. Officers of the banks testified Farmers Livestock Market did not have on deposit in the bank on which the checks were drawn funds or credits to provide payment on presentation. They further testified that defendants knew Farmers Livestock Market could not draw on paper accepted by the banks merely for collection until actually collected. The evidence was sufficient for the jury to find that the checks were drawn and delivered at the instigation of defendants with knowledge that the maker was without funds or credit sufficient to provide for payment.

The fact that the checks were drawn by Farmers Livestock Market payable to its own order and delivered to its creditor for collection without endorsement is without significance. The right to collect passed to the lawful holder merely by delivery. He had a right to call upon the payee to endorse. G.S. 25-55. The statute makes the delivery of worthless commercial paper a crime. It is the making and delivering of the worthless check which is made criminal. The motion to nonsuit was properly overruled.

The State offered several checks other than those named in the warrants drawn at the same time on the same banks which banks refused to honor because of insufficient funds or credit. These checks were offered and admitted only to establish *scienter*. The evidence was competent for that purpose. *S. v. McClain*, 240 N.C. 171, 81 S.E. 2d 364; *S. v. Batson*, 220 N.C. 411, 17 S.E. 2d 511.

As to Kathryn B. Cruse — Reversed.

As to Fred O. and Max E. Cruse — No error.