STATE v. GLENN WHITE.

(Filed 12 January, 1962.)

1. **Criminal Law § 87—**

Where there is but a single defendant charged in separate indictments with crimes of the same class, it is not necessary to the discretionary power of the court to consolidate the indictments for trial that all the evidence of guilt of one of the offenses be competent as to each of the others, and upon consolidation the separate bills will be treated as separate counts in one bill.

2. **Same—**

In exercising its discretion to consolidate separate indictments against the same defendant for trial the court should consider whether the offenses are so separate in time and place and so distinct in circumstance as to render a consolidation unjust and prejudicial, and the court should not exercise its discretionary power solely for the purpose of saving time.

3. **Same—**

Defendant was charged in four separate indictments with receiving stolen goods of a value of more than $100.00, knowing them to have been stolen, there being little more than a year between the first and fourth occasions but only 51 days between the third and fourth occasions, and the goods having been received from the same person on the first three occasions. All four offenses were uncovered by a single investigation. *Held:* There was no abuse of discretion in consolidating the indictments for trial.

PARKER, J., concurs in result.

APPEAL by defendant from *Pless, J.,* February 1961 Term of BURKE.

This is a criminal action. Defendant is charged with receiving stolen goods, knowing them to have been stolen. The charges are made in four separate bills of indictment which were consolidated for the purpose of trial. The jury returned a verdict of guilty on all counts.

On each count the judgment imposed a prison sentence, the sentences to run consecutively. On one count the sentence was active, but on the other three counts sentences were suspended.

Defendant appealed.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*H. J. Hatcher and Anglin & Bailey for defendant.*

MOORE, J.  Defendant's first assignment of error is based on exception to the order of the court consolidating the bills of indictment for trial.

Each bill charged a felony of the same nature — receiving stolen goods of the value of more than one hundred dollars, knowing them to have been stolen. G.S. 14-71. The indictments allege separate offenses, two occurring on December 1, 1959, one on October 17, 1960, and one on December 7, 1960. The goods received belonged to four different persons, a different person on each occasion. The State's evidence tends to show that on the first three occasions the goods were stolen and delivered to defendant by Oscar Draughan, and on the last occasion by Jimmy Roper.

The solicitor moved that the indictments be consolidated "for the purpose of saving time." The motion was allowed. Defendant contends that this was error. He says that the offenses were separate and distinct transactions, not connected in time or place, and that "evidence at the trial of one of the indictments would not be admissible at the trial of each of the others." Defendant strongly insists that in trying the cases together the State's evidence on each of the charges tended to corroborate and strengthen the evidence on each of the others to his prejudice.

G.S. 15-152 (Ch. 168, P.L. 1917) provides, in part, that "When there are several charges against any person for the same act or transaction *or* for two or more acts or transactions connected together, *or* for two or more transactions of the same class of crimes or offenses, which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court will order them to be consolidated." (Emphasis ours.)

"Where separate indictments against the same defendant are consolidated, the counts in the separate bills will be treated as separate counts in one bill." 1 Strong: N.C. Index, Criminal Law, s. 87, p. 757; *State v. Austin,* 241 N.C. 548, 85 S.E. 2d 924; *State v. Braxton,* 230 N.C. 312, 52 S.E. 2d 895.

Defendant seems to rely upon the following language in *State v. Combs,* 200 N.C. 671, 674, 158 S.E. 252: "The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time

or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others." Defendant interprets this to mean that two or more indictments may not be consolidated for trial, in any event, unless all of the evidence to be adduced be relevant and competent as to the charges in all of the indictments. We do not agree that the rule stated in *Combs* is so inclusive. It must be interpreted in the light of the situations in which it has been applied. It has been applied in determining whether indictments should be consolidated when two or more defendants are involved. *State v. Cruse,* 253 N.C. 456, 117 S.E. 2d 49; *State v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1; *State v. Bryant,* 250 N.C. 113, 108 S.E. 2d 128; *State v. Spencer,* 239 N.C. 604, 80 S.E. 2d 670; *State v. Norton,* 222 N.C. 418, 23 S.E. 2d 301; *State v. Truelove,* 224 N.C. 147, 29 S.E. 2d 460. It has also been applied where one defendant was involved and several distinct offenses of the same or different grades or classes grew out of the same act or transaction or acts or transactions connected together. *State v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250; *State v. Malpass,* 189 N.C. 349, 127 S.E. 248.

In *Combs* two defendants were involved, and they were charged jointly in two indictments, it being alleged that they, acting together, broke and entered separate buildings, owned by different persons, on the same day and stole property from each. In our opinion the rule quoted above was invoked only because two defendants were involved. As to each defendant, considered alone, the case was somewhat analagous to the one at bar, and the court approved the consolidation. The offenses were of the same class and identical in character, but were separate offenses. Some of the evidence of the acts constituting one of the offenses would not have been relevant, competent and admissible upon a separate trial of the other unless, perhaps, to show scienter, "knowledge, intent, motive, plan or design, and identity. . . ." Stansbury: North Carolina Evidence, s. 91, p. 174. It is true that defendants failed to object at the time of the order of consolidation, but the decision seems to have been based both on the failure to object and on the legal principles involved. There were circumstances connecting the two offenses. They were closely related in time, were committed by the same defendants, and the clothing stolen from one building was found in the automobile stolen from the other. Yet, had the offenses been tried separately, some of the evidence as to one would have been inadmissible as to the other.

In *State v. McNeill,* 93 N.C. 552, 555 (1855) it was stated that "distinct felonies of the same nature may be charged in the same indictment. . . ." This was before the passage of G.S. 15-152.

In *State v. Waters,* 208 N.C. 769, 182 S.E. 483 (1935) the defendant

was charged in separate warrants with two assaults with deadly weapons upon different persons on different occasions, fifteen days apart. The defendant did not object in apt time, but the court upheld consolidation on legal principles and stated: "Since the two transactions delineated in the two warrants are of the 'same class of crimes,' the consolidation of the two cases for the purpose of trial rested in the sound discretion of the trial judge." Consolidation was upheld in a case involving two distinct violations of the prohibition law by a defendant on different dates, more than eight months apart. *State v. Harvell*, 199 N.C. 599, 155 S.E. 257. Likewise, it was held that three charges of receiving stolen goods on separate occasions on the same night were properly joined in separate counts in the bill of indictment. *State v. Charles*, 195 N.C. 868, 142 S.E. 486.

Where a defendant is indicted in separate bills "for two or more transactions of the same class of crimes or offenses" the court may in its discretion consolidate the indictments for trial. In exercising discretion the presiding judge should consider whether the offenses alleged are so separate in time or place and so distinct in circumstances as to render a consolidation unjust and prejudicial to defendant. To save the time of the court is not, taken alone, sufficient predicate for consolidation.

In the instant case each of the charges was for receiving stolen goods of a value of more than one hundred dollars, knowing them to have been stolen. A single defendant was involved. In the first three of the alleged offenses the goods were received, in each instance, from the same person, Oscar Draughan, who testified for the State, relating his transactions with defendant and stating that as to two of the offenses the defendant told him where the goods were located and induced him to steal them. In the last offense, in point of time, the goods were received from Jimmy Roper, fifty-one days following the next preceding offense. All four offenses were uncovered by a single investigation by law enforcement officers. Goods involved in three of the offenses, including the last, were found by the officers in defendant's possession. It was disclosed that the property involved in the other offense had been in his possession.

There was no abuse of discretion in consolidating the indictments for trial.

Defendant made fifty assignments of error and argued twenty-two of them in his brief. Upon careful consideration we find them without sufficient merit to warrant a new trial.

In the trial below we find

No error.

PARKER, J., concurs in result.