STATE OF NORTH CAROLINA v. WILL JOHNSON, JR.

No. 83

(Filed 15 March 1972)

1. Criminal Law § 92— consolidation of charges

   The consolidation of criminal charges is a discretionary matter, but the court must exercise its discretion within the framework of G.S. 15-152.

2. Criminal Law § 92— consolidation of cases for trial — single defendant — crimes of same class

   In order to consolidate for trial two or more indictments in which a defendant is charged with crimes of the same class, it is not required that evidence at the trial of one of the indictments be competent and admissible at the trial of the others, but only that the offenses not be so separate in time or place and so distinct in circumstances as to render a consolidation unjust and prejudicial to defendant.

State v. Johnson

3. Criminal Law § 92— consolidation of robbery charges against one defendant

The trial court did not err in consolidating for trial two armed robbery cases against a single defendant, where the crimes occurred on the same night, defendant used a sawed-off rifle in the first robbery and took a .22 caliber pistol from the victim, defendant used a .22 caliber pistol in the second robbery and took another .22 caliber pistol in that robbery, and when defendant was apprehended, officers found a sawed-off rifle and the .22 caliber pistol taken in the second robbery, the armed robbery charges against defendant not being so separated in time or place and not being so distinct in circumstances as to render a consolidation unjust and prejudicial.

DEFENDANT appeals from McLean, J., 10 May 1971 Schedule "A" Criminal Session, MECKLENBURG Superior Court. Docketed as Case No. 151 and argued at the Fall Term 1971.

Over defendant's objection, two cases against him were consolidated for trial. In Case No. 71 CR 8972 defendant is charged with the armed robbery of John Nowell. In Case No. 71 CR 8059 defendant is charged with the armed robbery of Joseph Gammeter. The robberies occurred in the order named on 18 January 1971 at 7:15 p.m. and 10:00 p.m.

The State's evidence—defendant offered none—tends to show that John Nowell and his niece Brenda Hill worked at the Tryon Hill Grocery in Charlotte. Two Negro men entered the store at approximately 7:15 p.m. on 18 January 1971, the first carrying a stubby revolver and the second, subsequently identified as the defendant, carrying a sawed-off rifle. Defendant removed Nowell's wallet from his pocket, took three dollars from it and threw the wallet on the floor. Defendant then took a .22 caliber pistol from Nowell and ordered Brenda Hill to open the cash register. She did so, and while defendant held a gun on the two witnesses, the other robber removed some $200 from the register. Defendant then kissed Brenda Hill, said "good night" and the robbers left. As they departed the other robber took a .16 gauge shotgun, belonging to the witness Nowell, which had been hanging on the wall of the store.

Joseph Gammeter testified that on the evening of 18 January 1971 at approximately 10 p.m. the defendant entered the Li'l General Store where he worked and moved to the rear. After two other customers left the store the defendant approached the cash register counter and made a purchase. When Gammeter rang up the purchase and turned to collect

for it, defendant pointed a .22 caliber pistol at him and ordered Gammeter to hand over another .22 caliber pistol lying beside the cash register. Defendant then ordered the witness to take the money from the cash register, place it in a paper bag, and hand it over. This was done and defendant left the store with approximately $800 and the .22 caliber pistol.

On 12 February 1971 defendant was apprehended in a car in which the officers found a sawed-off .22 caliber rifle and the .22 caliber pistol taken from the Li'l General Store on 18 January 1971. Both Brenda Hill and John Nowell subsequently identified defendant and testified that the sawed-off .22 caliber rifle was similar to the one used in the robbery at the Tryon Hill Grocery on 18 January 1971. Joseph Gammeter positively identified defendant as the man who robbed him on the night of 18 January 1971.

Defendant was convicted in both cases and sentenced to thirty years in each case, to run concurrently. His appeal to the Court of Appeals was transferred to the Supreme Court for initial appellate review under general order dated 31 July 1970, entered pursuant to G.S. 7A-31(b)(4).

*T. O. Stennett, attorney for defendant appellant.*

*Robert Morgan, Attorney General; T. Buie Costen, Assistant Attorney General; Rafford E. Jones, Associate Attorney General, for the State of North Carolina.*

HUSKINS, Justice.

The sole question presented by this appeal is whether the trial court erred in consolidating the two armed robbery cases for trial. Defendant contends that although he is charged with crimes of the same class, the crimes charged are not "so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the other," citing *State v. Combs,* 200 N.C. 671, 158 S.E. 252 (1931) and G.S. 15-152.

[1] In North Carolina the consolidation of criminal charges is a discretionary matter, but the court must exercise its discretion within the framework of G.S. 15-152 which reads in pertinent part as follows: "When there are several charges against any person for the same act or transaction or for two or more

acts or transactions connected together, or for two or more transactions of the same class of crimes or offenses, which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court will order them to be consolidated . . . . " An elementary phrase-by-phrase analysis of the statute reveals a variety of circumstances under which consolidation of charges against a single defendant may be ordered: (1) where several charges against the accused arise from the same act or transaction; (2) where several charges against the accused for two or more acts or transactions are connected together (such charges need not be of the same class of crimes and offenses); and (3) where several charges for two or more transactions are of the same class of crimes or offenses which may be properly joined (such transactions need not be connected together).

It would seem that defendant has simply misread the statute. He confuses categories (2) and (3), maintaining that when there are several charges against any person for two or more transactions of the same class the transactions must also be, in some way, "connected together" in order to be properly consolidated. Defendant's conclusion in that respect is not supported by the express language of the statute.

Here the indictments are for crimes of the same class—in fact, for identical offenses of armed robbery. Their consolidation is permissible in the discretion of the court unless the circumstances are such that they may not be "properly joined," *viz:* unless the offenses are so separate in time or place and so distinct in circumstances as to render a consolidation unjust and prejudicial.

In *State v. White,* 256 N.C. 244, 123 S.E. 2d 483 (1962), defendant was charged in four separate indictments with receiving stolen goods valued at more than $100, knowing them to have been stolen. Two of the offenses occurred on 1 December 1959, one on 17 October 1960, and one on 7 December 1960. The goods received belonged to four different persons. The four cases were consolidated for trial over objection. Held: "Where a defendant is indicted in separate bills 'for two or more transactions of the same class of crimes or offenses' the court may in its discretion consolidate the indictments for trial. In exercising discretion the presiding judge should consider wheth-

er the offenses alleged are so separate in time or place and so distinct in circumstances as to render a consolidation unjust and prejudicial to defendant." *Accord, State v. Waters,* 208 N.C. 769, 182 S.E. 483 (1935); *State v. Harvell,* 199 N.C. 599, 155 S.E. 257 (1930); *State v. Charles,* 195 N.C. 868, 142 S.E. 486 (1928).

Defendant relies on the following language in *State v. Combs, supra:* "The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others." The same argument was advanced by defendant in *State v. White, supra,* and the court observed that the quoted language from *Combs* must be interpreted in light of the facts in that case. There, two defendants were involved, the two offenses were closely related in time, and the clothing stolen from one building was found in the automobile stolen from the other. On that state of facts evidence at the trial of one of the indictments would have been competent and admissible at the trial of the other and apparently gave rise to the use of the language defendant relies on.

[2] There is nothing in the language of G.S. 15-152 to support the contention that two or more indictments in which a defendant is charged with crimes of the same class may not be consolidated for trial unless "evidence at the trial of one of the indictments will be competent and admissible at the trial of the others." We prefer to let the statute speak for itself. The question is not whether the evidence at the trial of one case would be competent and admissible at the trial of the other. The question is whether the offenses are *so separate in time or place* and *so distinct in circumstances* as to render a consolidation unjust and prejudicial to defendant. *State v. White, supra,* and cases therein cited.

[3] Defendant has failed to show any impropriety in the consolidation for trial of these two indictments for armed robbery. The crimes are identical and occurred on the same night. In the first robbery defendant used a sawed-off rifle but took, in addition to money, a .22 caliber pistol from the victim John Nowell. In the second robbery defendant pointed a .22 caliber

pistol at his victim Joseph Gammeter and took not only money but another .22 caliber pistol from him. When defendant was apprehended the officers found a sawed-off rifle and the .22 caliber pistol taken from Joseph Gammeter at the Li'l General Store. Thus it may be seen that these armed robbery charges against defendant are not so separate in time or place and not so distinct in circumstances as to render a consolidation unjust and prejudicial. Here, in fact, much of the evidence at the trial of one charge would be competent and admissible at the trial of the other.

Applying the foregoing principles to the circumstances revealed by the record, we hold the consolidation was proper. No abuse of discretion appears, and neither prejudice nor injustice by reason of the consolidation has been shown.

No error.