STATE OF NORTH CAROLINA v. ROBERT COLUMBUS CALDWELL

No. 7425SC877

(Filed 2 April 1975)

1. **Criminal Law § 92— breaking and entering and larceny — two service stations — consolidation for trial**
    Indictments charging defendant with felonious breaking and entering of and felonious larceny from two service stations on the same night were properly consolidated for trial. G.S. 15-152.

**2. Searches and Seizures § 3— search warrant — affidavit — confidential informant**

    Affidavit of a police officer was sufficient to support a finding of probable cause to search defendant's apartment for items stolen from service stations where it stated that a confidential informant had told the officer within the past four hours that he had observed some of the stolen items upon defendant's premises and that the informant had given the officer information in the past which proved to be true and correct.

**3. Criminal Law § 88— cross-examination of defendant — fiancee in defendant's house at 2:50 a.m.**

    In a prosecution for breaking and entering and larceny, the trial court did not err in failing to sustain defendant's objection to a question asked him on cross-examination as to what his fiancee was doing at his house when a search warrant was executed at 2:50 a.m., since the question came within the legitimate bounds of cross-examination; furthermore, defendant was not prejudiced by the question since his fiancee gave alibi testimony that she had spent the entire night of the crimes with defendant.

**4. Criminal Law § 113— four counts — instructions — guilt or innocence of each count**

    In a prosecution upon two counts of breaking and entering and two counts of larceny, the trial court sufficiently instructed the jury that it could return a verdict of guilty or not guilty on each of the four counts.

APPEAL by defendant from *Chess, Judge.* Judgment entered 10 May 1974. Heard in the Court of Appeals 15 January 1975.

By separate indictments defendant was charged with felonious breaking and entering into and felonious larceny from two service stations in Catawba County on 11 December 1973. He pled not guilty to each charge and the cases were consolidated for trial over his objection.

The State's evidence showed: At approximately 7:00 a.m., 11 December 1973, the Hickory Police Department received calls that both the Southgate Phillips 66 and the Holiday Gulf service stations had been broken into during the previous night. Investigation disclosed forcible entries and property missing at each location. At approximately 10:30 p.m. that evening Captain McGuire of the police department obtained a warrant to search defendant's residence. A search made pursuant to this warrant at approximately 2:50 a.m. on 12 December 1973 resulted in finding in defendant's residence a number of items identified at the trial as among those missing from the two service stations.

Defendant's evidence showed: On the night the offenses were allegedly committed he remained at his apartment, located in his parents' home, with his fiancee from 9:30 p.m. until leaving for work on the following morning. Defendant's father testified that at approximately 7:30 a.m. on 11 December 1973, after defendant had left for work, he saw one Bob Templin, who rented a room in his son's apartment, carry some items in a Phillips 66 box into the apartment.

The jury found defendant guilty on all charges. The cases were consolidated for judgment, and from judgment sentencing defendant to prison for not less than three nor more than five years, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Norman L. Sloan for the State.*

*Williams, Pannell, Matthews & Lovekin by Phillip R. Matthews; and Cagle & Houck by William J. Houck for defendant appellant.*

PARKER, Judge.

[1] There was no abuse of discretion in consolidating the indictments for trial. The offenses charged were of the same class and were not so separate in time or place and so distinct in circumstances as to render consolidation unjust. G.S. 15-152; *State v. Johnson*, 280 N.C. 700, 187 S.E. 2d 98 (1972); *State v. White*, 256 N.C. 244, 123 S.E. 2d 483 (1962).

[2] Defendant's motion to suppress the evidence obtained as a result of the search was properly denied. The search warrant described with reasonable certainty the premises to be searched and the items of stolen property for which search was to be made, as required by G.S. 15-26(a). It was issued by a magistrate and bore the date and hour of its issuance, as required by G.S. 15-26(c). As grounds for probable cause, the affidavit of Captain McGuire upon which the warrant was issued stated in part:

"This affiant has received information within the past 4 hours from a confidential source that has given me information in the past that proved to be true and correct that Robert C. Caldwell and R. (Bob) Templin has [sic] the following items on their premises that was [sic] stolen during break ins at Viewmont Shell, Holiday Gulf, Southgate

66. . . . Part of these items was observed personally by the confidential informer heretofore mentioned. . . . "

We find the affidavit adequate to meet the tests set forth in *Aguilar* and *Spinelli* for a constitutionally valid finding of probable cause. Obviously there was a sufficient statement of the "underlying circumstances" to enable the magistrate independently to judge with respect to the validity of the informant's conclusion that the stolen property was where he said it was; the informant told the affiant that he had personally seen some of the items, and this information was given within four hours of the time the affidavit was signed. There was also a statement of the underlying circumstances from which the officer concluded that his confidential informant was reliable; the informant had given the officer information in the past that proved to be true and correct. While in this regard the affidavit might well have contained greater detail, we held a similar statement to be sufficient in *State v. Brown*, 20 N.C. App. 413, 201 S.E. 2d 527 (1974), *appeal dismissed*, 285 N.C. 87, 204 S.E. 2d 21 (1974), and we find it so in the present case.

[3] During cross-examination of the defendant, the district attorney asked, with reference to the defendant's fiancee's being at his residence when the officers arrived to search the premises,

"Will you explain to this jury what she was doing in your house at 2:50 a.m. in the morning?"

Defendant objected to the question. The record shows no explicit ruling by the trial court on this objection, but does show that defendant then replied that his fiancee was at his apartment studying for a history exam because her mother had some guests over at her house. Defendant now contends that the district attorney's question was clearly calculated to prejudice the jury against him by implying that he was sleeping with his fiancee and that the trial court's failure to sustain his objection resulted in condoning what defendant describes as "prosecutorial misconduct" such as to deprive him of a fair trial. We do not agree. If it be granted that the question might carry the implication which defendant now suggests, yet it was not beyond the bounds of legitimate cross-examination. Furthermore, it is difficult to see how the mere asking of the question resulted in the prejudice which defendant now asserts in view of the fact that his fiancee subsequently testified as a defense witness attempting to establish an alibi that she had spent the entire preceding

night with him in his apartment. The defendant's assignment of error directed to the trial court's ruling, or lack of ruling, on his objection to the district attorney's question is overruled.

[4] Finally, defendant assigns error to the trial court's charge to the jury, contending that the court failed specifically to instruct the jury that it could enter a verdict of guilty or not guilty on each of the four counts for which defendant was indicted. The record discloses, however, that the trial judge did separately instruct the jury concerning each element of each of the four offenses for which defendant was tried and instructed as to what facts it would be necessary for the jury to find beyond a reasonable doubt in order to return a verdict of guilty as to each offense. As to each separate offense the jurors were also instructed, "if you do not so find or have a reasonable doubt as to one or more of these things, you will return a verdict of Not Guilty." The charge when read contextually and as a whole was sufficiently clear and correct in informing the jury as to what verdicts it might return.

In defendant's trial and in the judgment appealed from, we find

No error.

Judges MORRIS and HEDRICK concur.