State v. Holmes

Affirmed.

Judges MORRIS and HEDRICK concur.

---

STATE OF NORTH CAROLINA v. JAMES REGINALD HOLMES

No. 758SC89

(Filed 7 May 1975)

1. Criminal Law § 92— four charges of armed robbery —..consolidation proper
    The trial court did not err in allowing the State to consolidate for trial four charges of armed robbery where all the crimes occurred in Goldsboro, one witness's testimony dealt directly with two of the robberies and was relevant to the others, and in none of the robberies was defendant actually seen by the victims, but in each he was alleged to have driven the getaway car.

2. Criminal Law § 34— defendant's participation in other crimes — evidence admissible to show general plan
    The trial court in an armed robbery case did not err in allowing a witness to testify concerning defendant's statements about participating in other robberies in Goldsboro since such testimony was admissible to show a general plan or design.

3. Constitutional Law § 33— Fifth Amendment — pleading by indicted witness proper
    The trial court did not err in allowing a witness to plead the Fifth Amendment with respect to his and defendant's involvement in the offenses charged where the witness was under indictment for the offenses and did not have an attorney to represent him, and it was possible that the witness's testimony could incriminate him.

4. Robbery § 4— armed robbery — sufficiency of evidence
    Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery where defendant confessed to a former partner in crime that he had committed two robberies, victims of the robberies identified defendant's companion and one saw defendant in the store minutes before the robbery, and another witness saw a blue Ford LTD like defendant's behind the store.

APPEAL by defendant from *Webb, Judge*. Judgments entered 18 September 1974 in Superior Court, WAYNE County. Heard in the Court of Appeals 10 April 1975.

Defendant was charged in four bills of indictment with armed robbery. He pleaded not guilty and the charges were consolidated for trial.

Leo Davis testified for the State that he and defendant robbed the Downtowner Motor Inn in Goldsboro on 28 March 1974 and Merritt's Supermarket on 1 April 1974. In both instances it was Davis who actually obtained the money by pointing a gun at the cash register clerk while defendant drove the getaway car, his blue Ford LTD. Davis also testified that defendant told him that he and Calvin Kennimore had robbed the Kentucky Fried Chicken restaurant and Bob's Supermarket in Goldsboro.

M. A. Fritz testified that he was present when Leo Davis robbed the Downtowner Motor Inn on 26 (sic) March 1974. Creo Merritt testified that he was present on 1 April 1974 when Leo Davis robbed his supermarket. Just before the robbery, Merritt saw defendant enter the store and buy some orange juice and cigarettes.

James Zadock Hinson III and Joanne R. Grant testified that they were present when Calvin Kennimore robbed the Kentucky Fried Chicken restaurant on 26 October 1973. Judy Marie Kiser testified that she was present on 26 December 1973 when Kennimore robbed Bob's Supermarket. Gladys Bass testified that after she left work at the supermarket, shortly before the robbery, she saw a blue Ford LTD parked behind the store. Calvin Kennimore was called as a witness for the State. He testified that defendant drove a blue LTD automobile. To all other significant questions, he refused to answer on Fifth Amendment grounds.

Defendant offered no evidence. The jury returned a verdict of guilty on all charges. From judgments imposing prison sentences, defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Roland C. Braswell, by Roger W. Hall, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in allowing the State to consolidate the cases for trial pursuant to G.S.

15-152. In *State v. White,* 256 N.C. 244, 247, 123 S.E. 2d 483, 486 (1962), the North Carolina Supreme Court said:

> "Where a defendant is indicted in separate bills 'for two or more transactions of the same class of crimes or offenses' the court may in its discretion consolidate the indictments for trial. In exercising discretion the presiding judge should consider whether the offenses alleged are so separate in time or place and so distinct in circumstances as to render a consolidation unjust and prejudicial to defendant."

In the case at bar we have four charges of armed robbery, all in Goldsboro. Leo Davis' testimony dealt directly with two of the robberies and was relevant to the others. In none of the robberies was defendant actually seen by the victims, but in each he was alleged to have driven the getaway car. Given these identities and similarities, we find no abuse of discretion in consolidating these cases for trial.

[2] Defendant next contends that the court erred in allowing Davis to testify concerning defendant's statements about participating in other robberies in Goldsboro. Evidence of other offenses is admissible, however, when as in the case at bar, it tends to show a general plan or design. *State v. McClain,* 282 N.C. 357, 193 S.E. 2d 108 (1972); *State v. Fowler,* 230 N.C. 470, 53 S.E. 2d 853 (1949). Defendant also objected to the State's use of leading questions in examining Davis. This was within the court's discretion, *see State v. Staten,* 271 N.C. 600, 157 S.E. 2d 225 (1967); *State v. Painter,* 265 N.C. 277, 144 S.E. 2d 6 (1965), which was not shown to have been abused. Defendant correctly contends that Creo Merritt's testimony that a Mr. Gooding told him that Leo Davis had shot at him is hearsay. Nevertheless, we believe its admission was harmless error in view of Davis' testimony that he shot close to the person who pursued him from Merritt's Grocery.

[3] Defendant further contends that the court erred in allowing Kennimore to plead the Fifth Amendment with respect to his and defendant's involvement in the offenses charged. It is well settled that the court should deny the witness's claim of privilege only if there is no possibility that a truthful answer might incriminate him. 1 Stansbury, N. C. Evidence (Brandis rev.) § 57; *see State v. Smith,* 13 N.C. App. 46, 184 S.E. 2d 906 (1971). The record shows that Kennimore was under indictment

for these offenses and did not have an attorney to represent him. Despite discussions between Kennimore and the solicitor, no binding plea bargain was in effect, and it was possible that Kennimore's testimony could incriminate him. The court properly allowed him not to testify.

[4] Finally, defendant contends that the court erred in denying his motions for nonsuit as to the robberies at the Kentucky Fried Chicken restaurant and Bob's Supermarket. Defendant's confession plus independent evidence of the *corpus delicti* is sufficient to overcome a motion for nonsuit. *See State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735 (1972); *State v. Elam,* 263 N.C. 273, 139 S.E. 2d 601 (1965). *See also* 2 Stansbury, *supra,* § 182; 2 Strong, N. C. Index 2d, Criminal Law § 106, pp. 659-60. The corroborative evidence may be circumstantial. *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396 (1961). Taken in the light most favorable to the State, the evidence shows that defendant confessed to Davis that he and Kennimore committed the robberies. The victim identified Kennimore, and one saw defendant in the store minutes before the robbery. Another witness saw a blue Ford LTD behind the store. We find the evidence sufficient to go to the jury on each offense charged.

Defendant has received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.