STATE OF NORTH CAROLINA v. AUBURN GLENN JOHNSON

No. 7514SC289

(Filed 2 July 1975)

1. **Robbery § 4— armed robbery — theatre employee — sufficiency of evidence**

    Evidence was sufficient to be submitted to the jury in an armed robbery prosecution where it tended to show that defendant held the money bag during a robbery of a theatre employee while defendant's companion held a shotgun which he fired several times.

2. **Criminal Law § 92— armed robbery and conspiracy to commit armed robbery — consolidation proper**

    The trial court did not err in consolidating for trial charges of armed robbery and conspiracy to commit the armed robbery, since the charges were for "acts or transactions connected together," and under G.S. 15-152 the court had authority to order them to be consolidated.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 16 January 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 11 June 1975.

Defendant was tried on his plea of not guilty to an indictment charging him with armed robbery. The State's evidence showed: On the evening of 15 December 1973 the defendant, together with two other men, Weldon Mason and Joe McGill, entered the lobby of the Yorktown Theatre in Durham. Mason held a shotgun, which he fired into the ceiling. Defendant went to the cashier's counter, where he held a green money bag into which the cashier put money. After the cashier said, "That's all I have," defendant and his two companions left the theatre, defendant still carrying the money bag. As they were leaving, Mason again fired the shotgun several times, striking and wounding the theatre manager with three shots. According to the theatre records, $340.00 was missing.

Defendant testified that he accompanied Mason and McGill to the theatre and held the money bag only because he was afraid of Mason. He also testified that he did not want any of the money and that he took part of the money only after Mason pointed the gun at him and made him do so.

The jury found defendant guilty, and from judgment on the verdict imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Associate Attorney General T. Lawrence Pollard for the State.*

*Paul, Keenan, Rowan & Galloway by Karen Bethea Galloway for defendant appellant.*

PARKER, Judge.

[1] Defendant's assignments of error directed to denial of his motions for nonsuit and to set aside the verdict as against the greater weight of the evidence are overruled. It would be difficult to imagine a case in which evidence to justify a finding of guilt could be more overwhelming. Defendant's testimony that he was an unwilling participant in the robbery and that he was coerced by his fear of Mason was for the jury to evaluate.

[2] The only other assignment of error brought forward on this appeal is directed to the court's action in consolidating for trial the armed robbery charge with a charge of conspiracy to commit the armed robbery. By separate bill of indictment defendant, Mason, and McGill were jointly charged with the crime of conspiring with each other to commit the crime of armed robbery at the Yorktown Theatre. In apt time defendant objected to the consolidation of this charge with the charge of armed robbery on which he was ultimately convicted. His objection was overruled. However, at the close of the evidence his motion for nonsuit as to the conspiracy charge was allowed and only the armed robbery case was submitted to the jury.

We find no error in the consolidation of the two cases for trial. The two charges were for "acts or transactions connected together," and under G.S. 15-152 the court had authority to order them to be consolidated. Consolidation was a discretionary matter to be determined by the trial judge. *State v. Johnson,* 280 N.C. 700, 187 S.E. 2d 98 (1972). Moreover, defendant has failed to show how he has been prejudiced by the consolidation in this case.

In defendant's trial and in the judgment appealed from we find

No error.

Chief Judge BROCK and Judge ARNOLD concur.