## SMITH v. UNITED STATES.

### No. 9212.

United States Court of Appeals
District of Columbia.

Argued Oct. 8, 1946.

Decided Nov. 4, 1946.

Mr. Curtis P. Mitchell, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, and Mrs. Grace B. Stiles, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant was indicted and convicted for the robbery of one LaFon of a watch, a purse, a key, and $37 in money. Upon the trial, a watch, a purse, a key, and a $5 bill were presented as exhibits by the Government. Appellant objected to the admission of these articles as evidence, upon the ground that their identification was insufficient. They were admitted over the objection, and that is the principal point on this appeal.

Three police officers, Zazanis, Lubore and Greenfield, were involved in the apprehension of the defendant at the scene of the alleged offense. Officer Greenfield was not presented as a witness, and neither was LaFon, the person alleged to have been robbed. It was explained that the officer was sick and that LaFon had gone to Florida for his health and could not be located.

The testimony relating to the proffered articles was by Officers Zazanis and Lubore. Officer Zazanis testified that the watch presented in court had been handed to him by Officer Greenfield at the scene of the alleged offense; that he did not see where Greenfield got the watch; that Greenfield said it had been taken from the defendant's suit coat pocket; and that immediately the defendant had said, "That is not my watch" and denied that it had come from his pocket. This witness further testified that LaFon, in the presence of the defendant, had identified the watch as his and that the defendant at that time said nothing. Officer Lubore testified that he took a watch from the coat which the defendant was wearing and gave it to Officer Greenfield; that he asked the defendant whether it was his watch, and the defendant replied that he had never seen it before. This witness was twice shown the proffered exhibit and each time declined to identify it, although saying that it was similar to the watch he took.

With respect to the purse, Officer Zazanis testified that he had seen the purse at the hospital, where both the defendant and LaFon had been taken, and said, "If I recall correctly, it was gotten from the defendant's coat pocket, the overcoat pocket." He testified that the purse contained a key which unlocked the suitcase which LaFon had been carrying.

With respect to the $5 bill, Officer Zazanis said that he had picked it up in a tree box space at the scene of the alleged offense, after the defendant had been placed in custody and LaFon had been helped into the scout car.

We think that the identification was insufficient to permit the admission into evidence of the articles proffered. The only evidence that the proffered watch had been taken from the defendant was a witness's statement that Officer Greenfield had said so, a statement immediately denied on the

scene by the defendant. The only evidence that the proffered watch had ever been in the possession of LaFon was similar testimony. The only testimony about the purse indicated both lack of personal knowledge and failure of reliable recollection on the part of the witness. That the key found in the purse unlocked LaFon's suitcase was inconclusive in view of the common knowledge that almost any small key will unlock an inexpensive suitcase. The $5 bill was picked up at the scene after a melee climaxed by the shooting of the defendant by one of the officers. How many spectators had trampled the scene in the interval is not known. LaFon was unable to stand up, whether from drunkenness or a sprained ankle, or both, is disputed. But it was necessary to carry him, and the officers took him to a hospital. There was no testimony that the bill was ever his, or, if so, that he had not dropped it, or that defendant had ever possessed it.

There were missing links, which might have been supplied by LaFon, or Greenfield, or the two together, in the chain of evidence requisite to conviction. The essential gist of the prosecution was that property in the possession of LaFon was forcibly taken by the defendant. The articles proffered being inadmissible because insufficiently identified, there was a failure of proof on the point. The judgment is reversed and the case remanded with instructions to grant a new trial.

Reversed.