## NOVAK v. DISTRICT OF COLUMBIA.
### No. 9396.

United States Court of Appeals

District of Columbia.

Argued March 10, 1947.

Decided March 31, 1947.

Mr. Harry W. Goldberg, of Washington, D. C., for appellant.

Mr. Chester H. Gray, Principal Assistant Corporation Counsel, of Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, and Edward A. Beard, Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

Bernard E. Novak appeals from a judgment of the Municipal Court of Appeals for the District of Columbia which affirmed a verdict and judgment of the Criminal Division of the Municipal Court convicting him of driving an automobile while under the influence of intoxicating liquor. The case involves the admissibility of evidence relative to a sample of urine furnished to a police officer by appellant at the time of his arrest, and we allowed an appeal to establish the correct rule for this jurisdiction concerning this type of evidence. We find, however, that this issue is not now properly before us for consideration since a review of the trial proceedings leaves us with the opinion that the evidence in question was improperly admitted because not sufficiently identified.

The specimen was obtained from appellant while he was under arrest by a uniformed police officer who did not inform appellant that he had the right to refuse, or that the sample might be used as evidence against him, but who told appellant that if the sample was right it would be to his benefit.

At the trial the officer testified that after he obtained the sample he labeled the flask containing it with appellant's name, the time and place of taking it; that he wrote his own initials on the label and the next day turned the specimen over to the District Health Department laboratories.

The court then accepted in evidence, over appellant's objections, laboratory records of the Health Department of an analysis made by a chemist formerly employed by that department, and the testimony of another Health Department chemist concerning his later analysis, both made of a sample of urine taken from a bottle labeled with appellant's name. The chemist, at the time of his testimony, had beside him a small bottle, labeled, and containing a liquid which appeared to be urine. His testimony was that he made his analysis from a specimen which he withdrew from the bottle which he had beside him. The bottle was never identified or offered in evidence. According to the laboratory records, both analyses showed an alcoholic content of .24 of 1 per cent.

The District of Columbia then called an expert witness who testified that in his opinion, a chemical analysis of the sample of urine showing .24 of 1 per cent alcohol indicated that the defendant was under the influence of intoxicating beverage at the time of his arrest.

It is our holding that the laboratory records and the chemist's testimony respecting

the analysis were not properly admissible in evidence because the District of Columbia failed sufficiently to identify the sample from which the analyses were made as being that sample taken from appellant. The police officer who secured the sample was present in court and testified to the manner in which he labeled the flask containing appellant's urine and how he placed his initials on the label. The chemist, when he testified, had beside him the bottle of urine on which he had made an analysis. But no effort was made to hand to the police officer, who was present in court, the bottle the chemist had used to see if he could identify it as the bottle he had labeled and initialed. There is missing a necessary link [1] in the chain of identification. The judgment is reversed and the case remanded with directions to remand the cause to the Municipal Court for a new trial.

Reversed.

---

[1] Smith v. United States, 81 U.S.App.D.C. —, 157 F.2d 705.