James W. **ROBINSON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

Thomas F. **DAWSON**, Appellant

v.

**UNITED STATES of America,**
**Appellee.**

Howard H. **WILLIAMS**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

Nos. 15652, 15658, 15722.

United States Court of Appeals
District of Columbia Circuit.

Argued June 23, 1960.

Decided Sept. 15, 1960.

Petition for Rehearing En Banc in
No. 15,658 Denied Nov. 15, 1960.

Petition for Rehearing En Banc in
No. 15,722 Denied Nov. 30, 1960.

Mr. De Long Harris, Washington, D.
C., for appellant in No. 15,652.   Mr.
Robert M. Lichtman, Washington, D. C.,
with whom Mr. J. Ronald Trost, Wash-

ington, D. C., (both appointed by this court) was on the brief, for appellant in No. 15,658. Mr. Rex K. Nelson, Washington, D. C., for appellant in No. 15,722.

Mr. John Jude O'Donnell, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WASHINGTON and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

■ Defendants-appellants were convicted in the District Court of housebreaking and grand larceny. D.C.Code, §§ 22–1801 (1951), 22–2201 (1960), 22–403 (1951). On appeal, they challenge as illegal their arrest and the search and seizure which followed. The trial court erred, they say, in denying their motion to suppress the evidence so obtained. At the hearing on the motion, the following appeared. The defendants, speeding through the streets of Washington at more than 60 miles per hour, at about 4:30 on a Sunday morning, were stopped by police officers. When one of the defendants opened the door of the car an interior light came on, revealing to one of the officers a roll of coins on the floor in front of the front seat, as well as a partly-concealed canvas bag, apparently a money bag of the sort used by banks, with loose coins protruding from its opening. The officers ordered the defendants to leave the car, and asked them about the money. The defendants remained silent. One of the officers then used his flashlight and observed another bag of the same sort in the rear of the car. The defendants were thereupon taken to police headquarters, where the money was soon identified with reasonable certainty as the loot from the burglary—just committed—of a pharmacy in another part of the city. The trial judge ruled that probable cause existed for the arrest of the defendants, and that a subsequent further search of the automobile, resulting in the seizure of

certain tools therefrom, was proper. We agree. See Bell v. United States, 102 U.S.App.D.C. 383, 254 F.2d 82, certiorari denied 1958, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113.

■■ Appellants Robinson and Williams complain that their clothing was removed at police headquarters, shortly after their arrest, and was subjected to tests at the laboratories of the Federal Bureau of Investigation. These tests revealed paint chips and other debris corresponding to like materials found at the scene of the burglary, and at a place where a safe stolen from the pharmacy had been opened. We think that this procedure was proper, since probable cause to believe appellants guilty of housebreaking and larceny had already appeared, and appellants were validly under arrest therefor. See, e. g., Weeks v. United States, 1914, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652; Morton v. United States, 79 U.S.App.D.C. 329, 147 F.2d 28, certiorari denied 1945, 324 U.S. 875, 65 S.Ct. 1015, 89 L.Ed. 1428; Shettel v. United States, 1940, 72 App.D.C. 250, 113 F.2d 34. Robinson and Williams also claim that the Government failed to show a complete history of continuity of possession, from arrest to trial, with respect to the clothing so taken, as well as certain tools and paint samples introduced in evidence as exhibits. They rely on Novak v. District of Columbia, 1947, 82 U.S.App.D.C. 95, 160 F.2d 588. That decision, however, is clearly distinguishable. In the present case, the Government's showing of continuity of possession was reasonably adequate, under the circumstances, although not every person who might have had access to the exhibits was called to the stand. Little or nothing turned on the precise nature of the custody of the articles, since their identity and the results of the tests were proved by clear and unchallenged testimony. That the appellants were in possession of property taken from the stolen safe was plainly established. The exhibits, in contrast to Novak, were far from being an essential part of the Government's case. No evi-

**510**

dence was offered by the defense suggesting any laxity in the custodial or laboratory procedures of the Government, or any reason why the exhibits should be regarded as in any way untrustworthy. Appellants' contention must be rejected. See, generally, Pasadena Research Laboratories, Inc. v. United States, 9 Cir., 169 F.2d 375, certiorari denied 1948, 335 U.S. 853, 69 S.Ct. 83, 93 L.Ed. 401.

The judgments of conviction will therefore be

Affirmed.