STATE OF NORTH CAROLINA v. RUSSELL WRIGHT AND LARRY D. SMITH.

(Filed 19 April, 1967.)

1. **Criminal Law § 162—**
   Ordinarily, the admission of incompetent evidence will not be held prejudicial when evidence of the same import is theretofore admitted without objection.

2. **Criminal Law § 87—**
   The consolidation of indictments against defendants charged with committing like offenses at the same time and place, is addressed to the sound discretion of the trial court.

3. **Criminal Law § 161—**
   The charge of the court will not be held for error when the charge, construed contextually, is not prejudicial.

APPEAL by defendants from *Johnson, J.,* October 1966 Criminal Term of FRANKLIN Superior Court.

Both defendants were serving sentences for felonies at Franklin County Prison Unit on June 12, 1966. They disappeared about 2:20 P.M., without permission, and were not seen, as far as the

record discloses, until the following night, when they were captured some eleven miles away. They were indicted for unlawful escape. The cases were consolidated for trial, and both were convicted and received additional prison sentences. Both defendants appealed.

*J. P. Lumpkin, Attorney for defendant Russell Wright; E. F. Yarborough, Attorney for defendant Larry D. Smith.*

*T. Wade Bruton, Attorney General, and Ralph A. White, Jr., Staff Attorney, for the State.*

PER CURIAM. The defendants assign as error the admission of the following evidence: "Question: Did they have authority to leave the farm to which they were assigned to work? Answer: No, sir, they didn't have any authority to leave. I had not checked previously that day." The witness admitted on cross examination that the testimony was not based on his personal knowledge; however, evidence which was substantially the same had been admitted previously without objection. Superintendent Hayes testified: "The inmates did not have permission to come to Louisburg."

> "If incompetent evidence is admitted over objection but the same evidence has theretofore or thereafter been given in other parts of the examination without objection, the benefit of the exception is ordinarily lost." *Shelton v. Railroad,* 193 N.C. 670, 139 S.E. 232. And this is true whether the same evidence is from the same witness or from a different one. Stansbury, N. C. Evidence, § 30; *Dunes Club v. Insurance Co.,* 259 N.C. 294, 130 S.E. 2d 625.

The defendants also except to the order consolidating the cases for trial. We have held so many times that this is discretionary that we do not deem the exception worthy of discussion. *State v. Bryant,* 250 N.C. 113, 108 S.E. 2d 128; *State v. Combs,* 200 N.C. 671, 158 S.E. 252.

The defendants take exception to parts of the charge, but upon examination, it is found that the allegedly objectionable part is either not a complete statement of what the court said, or it is taken out of context. The full statements of the court show that the criticized portions are merely statements of contentions made by the State which were entirely reasonable and justified by the evidence.

There was ample evidence to sustain the conviction of the defendants, and in their trial there was

No error.