**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Pressie HUGHES, Jr., Defendant-Appellant.**

**No. 26955.**

United States Court of Appeals Fifth Circuit.

Oct. 27, 1969.

Donald G. Nichols, Jacksonville, Fla., for defendant-appellant.

Edward F. Boardman, U. S. Atty., Joseph W. Hatchett, First Asst. U. S. Atty., John W. Caven, Jr., Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before TUTTLE, WISDOM and BELL, Circuit Judges.

TUTTLE, Circuit Judge:

This appeal from appellant's conviction on three counts of an information charging him with the false making, publishing, and unlawful possession of a stolen United States Treasury check[1] makes

I. See 18 U.S.C.A. § 495 and § 1708:

"§ 495. Contracts, deeds, and powers of attorney.

Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money; or

Whoever utters or publishes as true any such false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; or

Whoever transmits to, or presents at any office or officer to the United States, any such writing in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited—

Shall be fined not more than $1,000 or imprisoned not more than ten years, or both."

"1708. Theft or receipt of stolen mail matter generally. Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to ob-

tain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or

Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

Shall be fined not more than $2,000 or imprisoned not more than five years, or both; but if the value or face value

two contentions: (1) the in-court identification of appellant by two employees of the Marina where an hour-long negotiation for the purchase of an outboard motor followed an out-of-court inspection by the witnesses of a "picture spread" or "rogues gallery" of some thirty persons, and this inspection so tainted their identification as to require exclusion of their eye-witness identification:

(2) The check was illegally admitted in evidence, because of a lack of proof of a continuous chain of custody of the check up to the time of trial.

■ As to the first objection, we conclude that the absence of any possibility of unfairness in the manner in which the witnesses were permitted to look at a group of thirty pictures, and the fact that one witness negotiated with appellant for an hour and the other positively identified him as the person who signed the payee's name to the check given in payment for the boat, brings the case within the standards established by this court in United States v. Venere, 5 Cir. 1969, 416 F.2d 144, September 9, 1969, and Simmons v. United States, 1968, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. The trial court did not err in admitting the in-court identification.

■ As to the second argument, the check in evidence was identified by official records of the proper government official as being a check issued to one Raymond Gallion; Gallion testified that he never received the check; the witnesses testified that the signature on the check in evidence had been placed there by appellant Hughes. It was not disputed that Hughes was not the payee, Gallion. No further proof of identification of this check described in the information was required. It was not error for the court to admit the check in evidence. If this check is shown to be the one stolen and is shown to be the one falsely endorsed by forging of the name of the payee, there is no requirement that the government show who had

custody at each moment between the issuing of the check and the time of trial. See Robinson v. United States, 1960, 109 U.S.App.D.C. 22, 283 F.2d 508, cert. den. 364 U.S. 919, 81 S.Ct. 282, 5 L.Ed. 2d 259, setting forth the guidelines to be applied in deciding the sufficiency of continuity of possession of such an allegedly stolen document.

The judgment is affirmed.

of any such article or thing does not exceed $100, he shall be fined not more

than $1,000 or imprisoned not more than one year, or both."