STATE OF NORTH CAROLINA v. PHILLIP M. WALKER AND SONNY D. FLEEMAN

No. 6918SC308

(Filed 19 November 1969)

1. Criminal Law § 92— consolidation of cases against two defendants for trial

The trial court did not err in consolidating for trial all cases against two defendants charged in separate indictments with the crimes of felonious breaking and entering, felonious larceny and safecracking, where the offenses charged were so connected in time, place and circumstances as to make one continuous criminal episode. G.S. 15-152.

2. Criminal Law § 92— motion to consolidate cases for trial — motions for separate trials — discretion of court

A motion by the State to consolidate for trial cases against two defend-

ants charged in separate bills of indictment with identical crimes, and motions by defendants for separate trials, are addressed to the sound discretion of the trial judge.

**3. Criminal Law § 61—    plaster cast of tire tracks — admissibility**

In this prosecution for breaking and entering, larceny and safecracking, the trial court properly admitted plaster casts made a few hours after the crimes were committed of tire tracks found in an alleyway behind the building broken and entered, where there was evidence that the tire tracks corresponded in a number of respects with the treads on the tires found on defendant's automobile when it was impounded on the same night the crime was committed, the evidence being sufficient for the jury to find that the tire tracks (1) were found at or near the place of the crime, (2) were made at the time of the crime, and (3) corresponded to the tires on defendant's car at the time of the crime.

**4. Criminal Law §§ 43, 61—    photographs of tire tracks — admissibility**

In this prosecution for breaking and entering, larceny and safecracking, the trial court did not err in the admission over defendant's general objection of photographs of tire tracks found at the crime scene and photographs of tires on defendant's car which were offered for the limited purpose of illustrating testimony of a police officer concerning the tire tracks.

**5. Criminal Law § 162—    general objection to evidence**

When a general objection is interposed and overruled, it will not be considered reversible error if the evidence is competent for any purpose.

**6. Criminal Law § 42—    clothing removed from arrested defendant — admissibility**

In this prosecution for breaking and entering, larceny and safecracking, the trial court did not err in the admission of articles of clothing removed from defendant shortly after his valid arrest and sent to the F. B. I. for laboratory analysis, such analysis having revealed the presence on the clothing of insulation of the type used in the safe which was stolen and broken open.

**7. Burglary and Unlawful Breakings § 5;    Larceny § 7;    Safecracking—    nonsuit — sufficiency of circumstantial evidence**

In this consolidated trial of two defendants, the trial court properly overruled the first defendant's motions for nonsuit of charges of felonious breaking and entering, felonious larceny and safecracking, and properly overruled the second defendant's motion for nonsuit of a charge of safecracking, where the State's evidence tended to show that the first defendant's car was at the crime scene during the time the crimes were committed, that within two hours after the safe was stolen the first defendant's car, with three occupants, was seen near the point where the broken safe was discovered, that an hour later defendants and a companion were arrested in the car, that defendants' companion was wearing a sweater containing the same type of fibers as were found around the window through which entry to the building was gained, that safe insulation found on the clothing of all three occupants of the car and in the

trunk and interior of the car was of a type used only by the manufacturer of the stolen safe, that paint of the type and color of the stolen safe was found on tools in the trunk of the car, that a metal fragment stuck on the door of the stolen safe matched the broken end of a screwdriver found in the car, and the three occupants of the car were found to be in possession of cash totaling approximately the amount stolen.

ON *Certiorari* from *Fountain, J.,* March 1968 Session of GUIL-FORD Superior Court.

By separate bills of indictment each of the defendants, Phillip M. Walker and Sonny D. Fleeman, were charged with commission of the following criminal offenses: (1) Feloniously breaking and entering the building occupied by Stereo Products, Inc., on 10 December 1966; (2) larceny of one safe, valued at $200.00, and $780.26 in checks and cash, property of Stereo Products, Inc.; (3) receiving; (4) possession of burglary tools; and (5) "safe cracking" the safe of Stereo Products, Inc., used for storing money, in violation of G.S. 14-89.1. Over objection of the defendants, all cases were consolidated for trial. Each defendant pleaded not guilty in all cases.

Upon the trial the State introduced evidence tending to show: On the night of 9 December 1966 the owner of Stereo Products, Inc. was in his place of business in Greensboro, N. C., until approximately 11:40 p.m., when he left the premises. He returned approximately one hour later to find that a large Century safe containing checks and approximately $300.00 to $400.00 in cash, including at least one roll of pennies, had been removed from the premises. Entry to the premises had been made through a window in the rear of the building by removal of a heavy wire grille, a large door giving vehicular access to the building had been opened from the inside, and tire tracks of a mud-grip or snow-grip design were found on the floor inside the building and outside on the soft ground near the door. At approximately 12:20 a.m. on 10 December 1966 an employee at a nearby filling station observed a dark colored, old model, Plymouth automobile with a wide white sidewall tire on the left rear turn into a service alley adjoining the building occupied by Stereo Products, Inc. This witness could not identify the driver of the car or see how many persons were in the car. At approximately 3:25 a.m. on 10 December 1966 on Lee Street in the City of Greensboro, the police stopped and searched a 1949 dark green Plymouth with white sidewall snow tires on the rear. The defendant Walker was driving, and was ascertained to be the owner of the car. The defendant Fleeman and another man, named Jerry Kennett, were in the car. All three occupants of the car were arrested and the car was impounded. Tools in the car's trunk were later found to have on them

traces of paint similar to the paint on the stolen safe, and the tools' characteristics were similar to marks made on the safe. Particles of insulation material of the type used in the stolen safe were found in the trunk and inside the car and two rolls of pennies were found under the front seat. When arrested, defendant Walker had in his possession approximately $233.00 in cash, defendant Fleeman had $136.35, and Kennett had $135.02. Particles of the same type of material as used in the insulation of the stolen safe were found on the clothing of each of the occupants of the car. Cloth fibers taken from around the window through which entrance to the Stereo Products building had been obtained were of a type similar to those from the sweater worn by Kennett at the time he was arrested. The stolen safe was found on 11 January 1967 approximately thirteen miles from Greensboro and some three miles down the Rock Creek Dairy Road off of Interstate 85. A fragment of metal taken from the door of the safe exactly matched the broken end of a long-handled screw driver which was found among the tools in the trunk of defendant Walker's car. A witness saw the car at a service station on Interstate 85 about seven miles from Rock Creek Dairy Road at approximately 2:30 a.m. on 10 December 1966. He identified the car by license number and testified there were three people in the car, but he was not able to identify the occupants.

At the close of the State's evidence the court allowed defendant Walker's motion for nonsuit as to the charge of possession of burglary tools and allowed defendant Fleeman's motion for nonsuit as to the charges of possession of burglary tools and of breaking and entering, larceny, and receiving. The court overruled defendant Walker's motion for nonsuit as to the charges of breaking and entering and larceny and safe cracking, and overruled defendant Fleeman's motion for nonsuit as to the charge of safe cracking.

Neither defendant testified. Defendant Walker presented the evidence of the manager of a filling station in Greensboro where defendant Walker was employed on the night of 9 December 1966, who testified that there was an old safe at the filling station on which the door hinges had been bent, and that insulation came out from around the door when it was shut at night; that defendant Walker had been at the filling station on the night of 9 December 1966 until 9:00 p.m., but he did not close the station that night.

At the conclusion of all evidence, defendants renewed their motions for nonsuit as to the charges remaining against them, which motions were overruled. The jury found defendant Walker guilty of felonious breaking and entering, felonious larceny, and safe

cracking, and found defendant Fleeman guilty of safe cracking. From judgments imposing prison sentences on the verdict, each defendant gave notice of appeal. The appeal was not perfected within the time permitted by the Rules of the Court of Appeals and this Court subsequently granted defendants' petition for *certiorari* to perfect a late appeal.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, Trial Attorney William F. Briley, and Staff Attorney James E. Magner, for the State.*

*John F. Comer for defendant appellant Walker.*

*J. C. Barefoot, Jr., for defendant appellant Fleeman.*

PARKER, J.

**[1, 2]**    Defendants assign as error the denial of their motions for separate trials and the allowance of the State's motion to consolidate all cases against both defendants for purposes of trial. The two defendants were charged in separate bills of indictment with identical crimes. The offenses charged were so connected and tied together in time, place, and circumstances as to make one continuous criminal episode. In such cases there is statutory authority for a consolidation. G.S. 15-152; *State v. Hamilton*, 264 N.C. 277, 141 S.E. 2d 506. Moreover, the motions were addressed to the sound discretion of the trial judge. *State v. Yoes*, 271 N.C. 616, 157 S.E. 2d 386; *State v. Wright*, 270 N.C. 158, 153 S.E. 2d 883; *State v. Combs*, 200 N.C. 671, 158 S.E. 252. There being nothing in the record to suggest abuse of discretion, these assignments of error are without merit and are overruled.

**[3]**    Defendant Walker assigns as error the trial court's allowing introduction in evidence over his objection of plaster casts of tire tracks made by an identification specialist employed by the Greensboro Police Department. These casts were made only a few hours after the crime had been committed; they were obtained from fresh tire tracks found in the alleyway behind the building which had been broken into and from which the safe had been stolen; and there was evidence that the tire tracks from which the casts were made corresponded in a number of respects with the treads on the tires found on defendant Walker's car when it was impounded on the same night the crime was committed. Thus, the jury could legitimately find that the tire tracks: (1) were found at or near the place of the crime, (2) were made at the time of the crime, and (3) corresponded to the tires on defendant Walker's car at the time of the crime.

Therefore, the evidence objected to met the three requirements set out in *State v. Palmer*, 230 N.C. 205, 52 S.E. 2d 908, and there was no error in allowing the casts to be introduced into evidence.

**[4, 5]**    There was also no error in the trial court's allowing in evidence photographs of the tire tracks found at the scene of the crime and photographs of the tires on defendant Walker's car. These photographs were offered in connection with testimony of a police officer concerning these tire tracks and were admitted over general objection. They were property admissible for the limited purpose of enabling the witness the better to explain, and the court and jury the better to understand and interpret, his testimony. When a general objection is interposed and overruled it will not be considered reversible error if the evidence is competent for any purpose. *State v. Casper*, 256 N.C. 99, 122 S.E. 2d 805; Stansbury, N.C. Evidence 2d, § 27, p. 52.

**[6]**    Defendant Walker assigns as error the allowing into evidence of articles of clothing worn by him at the time of his arrest. He was arrested at approximately 3:30 a.m. on 10 December 1966, which was about three hours after the time when the crimes with which he was charged had been committed. He was taken to jail and his clothing removed in order that it might be sent to the F.B.I. headquarters for examination. The clothing of his codefendant, Fleeman, and of the third occupant of his car, Kennett, was similarly removed and inspected. This examination revealed the presence on the clothing worn by all three occupants of the car of safe insulation of the type used in Century safes, the same type of safe which had been stolen and broken open.

The case of *Robinson v. United States*, 283 F. 2d 508, presented a factual situation closely parallel to the facts in the present case. In that case the Court said (page 509):

> "Appellants Robinson and Williams complain that their clothing was removed at police headquarters, shortly after their arrest, and was subjected to tests at the laboratories of the Federal Bureau of Investigation. These tests revealed paint chips and other debris corresponding to like materials found at the scene of the burglary, and at a place where a safe stolen from the pharmacy had been opened. We think that this procedure was proper, since probable cause to believe appellants guilty of housebreaking and larceny had already appeared, and appellants were validly under arrest therefor. (Citing cases.)"

We agree with the conclusion of the Court in *Robinson v. United States, supra,* and find no merit in defendant Walker's assignment

of error relating to the allowance in evidence of the articles of clothing.

[7]    Both defendants assign as error the overruling of their motions for nonsuit as to all of the cases against them. Considering the evidence in the light most favorable to the State, as we are required to do when passing upon a refusal of the trial court to sustain a motion for nonsuit interposed in a criminal case, if the record here discloses substantial evidence of all material elements constituting the offense for which the accused was tried, then this Court must affirm the trial court's ruling. It is immaterial whether the substantial evidence is circumstantial or direct, or a combination of both. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431. In the present case no question has been raised but that the State offered substantial evidence to show that some person or persons committed the crimes of breaking and entering, larceny, and safe cracking. The only question raised by appellants is whether the State's evidence was sufficient to permit the jury to determine that the defendants were the persons who committed the crimes. We think that it was.

The owner testified that the safe was stolen from his premises at some time within the period of one hour following 11:40 p.m. on 9 December 1966. Eyewitness testimony and tire impressions provided evidence from which the jury could legitimately find that defendant Walker's car was at the scene of the crime during this period. The car, with three occupants, was placed by an eyewitness at a point in the neighborhood where the broken safe was later discovered and at a time within approximately two hours after the safe was stolen. Approximately one hour thereafter defendants Walker and Fleeman and their companion Kennett were arrested in the car. All of these events occurred within a three-hour time span and late at night when it would be unusual to engage in casual driving. This evidence tends to show defendants' activity in a time sequence, and at places, closely related to the accomplishment of the criminal acts.

The car was owned by defendant Walker and was being driven by him when defendants were arrested. Cloth fibers found around the window through which entry had been gained to the building from which the stolen safe was taken were of the same type as the fibers in the sweater worn by Kennett, one of the occupants of the car. This evidence tends to show Walker's control of the vehicle used in the crime and tends to show the association of both defendants, Walker and Fleeman, with a participant a short time after the crime was committed.

Safe insulation found on the clothing of all three occupants of the car and in the trunk and interior of the car itself was of a type used in the stolen safe. A special agent assigned to the Washington, D. C. Laboratory of the F.B.I. testified that this insulation was a vermiculite carbonate sand type which in his opinion was not found anywhere except in Century safes and that insulation used by other manufacturers of safes was quite different. Particles of this insulation were found on defendant Walker's shoes and socks and in the pockets and cuffs of his trousers. Particles were also found on defendant Fleeman's shoes, socks, shirt, sweater, sweat shirt and even on his underwear. Paint of the type and color on the stolen safe, as well as particles of safe insulation, were found on tools which were in the trunk of defendant Walker's car at the time he and his codefendant were arrested. A fragment of metal stuck on the door of the stolen safe was found on microscopic examination to match exactly the broken end of a long-handled screw driver which was among those tools. The owner of Stereo Products, Inc., testified there was at least one roll of pennies in the safe; two rolls of pennies were found under the front seat of the car. The three occupants were found to be in possession of cash totaling approximately the amount stolen. Thus, the State's evidence, considered in its totality, does tend to establish a large number of facts which, when fitted together, form a composite picture from which the jury might legitimately identify defendants as the perpetrators of the crimes. In our opinion this evidence was sufficient to require a jury decision on the issue of each defendant's guilt.

Appellants cite cases in which circumstantial evidence was held insufficient to survive a motion for nonsuit and argue that these cases are controlling here. In State v. Burton, 272 N.C. 687, 158 S.E. 2d 883, evidence of possession by defendant some three days after a safe had been forced open of tools which had been used to open the safe was held insufficient to be submitted to the jury on the issue of defendant's guilt of safe cracking. In State v. Aycoth, 272 N.C. 48, 157 S.E. 2d 655, evidence that defendant remained seated in the passenger's seat in a car while another went into and robbed a store was held insufficient to submit to the jury the issue of defendant's guilt as an aider and abettor in the commission of the armed robbery, there being no evidence that defendant moved from his position in the car, that he observed what was taking place in the store, or that he shared in the proceeds of the robbery. In State v. Shu, 218 N.C. 387, 11 S.E. 2d 155, evidence of customary use and possession of an automobile used in commission of a crime was held insufficient to be submitted to the jury, as it raised no more

than a suspicion or conjecture that defendant was present or actually participated in the crime. In each of these cases the limited circumstantial evidence tending to link the defendant with the crime for which he was being tried was held not sufficient to be submitted to the jury. In the case before us there is much more. Many circumstances detailed in the evidence in the present case, if considered standing alone, may have been of small moment. When fitted together, however, they complement each other in such manner as to render them sufficiently substantial to require consideration by the jury. It was for the jury to determine what the evidence actually proved or failed to prove. In overruling the motions for nonsuit in the present case, there was no error.

A number of defendants' assignments of error have not been brought forward and discussed in their briefs. These are therefore deemed abandoned. Rule 28 of Rules of Practice in the Court of Appeals.

We have examined the defendants' remaining assignments of error argued in their briefs and which were principally directed to admission of evidence and to portions of the court's charge to the jury, and find therein no prejudicial error.

No error.

MALLARD, C.J., and BRITT, J., concur.