State v. Arney

---

STATE OF NORTH CAROLINA v. CYNTHIA GAYE ARNEY

No. 7325SC720

(Filed 16 October 1974)

1. Criminal Law § 92— consolidation of cases against two defendants
     The trial court did not abuse its discretion in consolidating defend-
     ant's case with that of another person charged with the same crime
     where the events which gave rise to the two cases were so connected
     in time, place and circumstances as to make one continuous criminal
     episode.

2. **Receiving Stolen Goods § 5— receiving stolen credit cards — sufficiency of evidence**

In a prosecution for feloniously receiving credit cards with knowledge that they had been taken without the cardholder's consent and with intent to use them, evidence was sufficient to be submitted to the jury where it tended to show that defendant asked a friend to go through the cars in a hotel parking lot to find some money for her, the friend found the credit cards in question and gave them to defendant, on that same day defendant was arrested and searched, and the credit cards were found on her person. G.S. 14-113.9(a)(1).

3. **Criminal Law § 76; Constitutional Law § 31— confession of testifying codefendant — admission not prejudicial to defendant**

Defendant was not prejudiced by the admission of portions of an extrajudicial confession of a codefendant which inculpated defendant where defendant failed to make objection to the confession; moreover, the codefendant testified at trial so that defendant was accorded her right of confrontation.

4. **Criminal Law § 112— circumstantial evidence — instruction not required**

Where the charge is correct as to burden and measure of proof, then, in absence of a specific request to instruct the jury as to how they should regard circumstantial evidence, the failure of the trial judge to give such an instruction will not be held to be reversible error.

APPEAL by defendant from *Winner, Judge,* 16 April 1973 Session of Superior Court held in BURKE County.

By bill of indictment proper in form defendant was charged with feloniously receiving credit cards with knowledge that they had been taken without the cardholder's consent and with intent to use them, a violation of G.S. 14-113.9(a)(1). By separate indictment, one Marcus Chris McElveen was charged with theft of the same credit cards. Over defendant's objection the two cases were consolidated for trial. Defendant pled not guilty, was found guilty as charged, and from judgment imposing a prison sentence, appealed.

*Attorney General Robert Morgan by Assistant Attorney General William F. Briley for the State.*

*Simpson, Martin & Baker by Gene Baker for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns error to the consolidation for trial of her case with the case against McElveen. The question whether to consolidate was for the sound discretion of the trial judge.

State v. Arney

*State v. Wright,* 270 N.C. 158, 153 S.E. 2d 883 (1967). Here, the record discloses that the events which gave rise to the two cases were so connected in time, place and circumstances as to make one continuous criminal episode. Under such circumstances consolidation was proper, *State v. Walker,* 6 N.C. App. 447, 170 S.E. 2d 627 (1969), and no abuse of the trial judge's discretion has been shown.

[2] Defendant next assigns error to the denial of her motions for nonsuit. In summary, the State's evidence showed that at about 9:00 a.m. on 23 January 1973 one McGinnis, to whom the credit cards had been issued, parked his car in the old Caldwell Hotel parking lot. The car was not locked and the credit cards were in a billfold in the glove compartment. McGinnis did not know defendant or McElveen and had given no one permission to go into his car or to take his credit cards. On that date defendant was an escapee from the Sheriff's Department, which had picked her up for violation of probation. She needed money and asked her friend, McElveen, to go through the cars at the parking lot and try to get her some money. McElveen did so and found the credit cards in the McGinnis car. He gave the cards to defendant and told her that they were not money but that she could use them later on. On the night of 23 January 1973 defendant was arrested. She was highly intoxicated and was taken to jail. There she was searched, and the credit cards were found on her person. This evidence, considered in the light most favorable to the State, furnished substantial evidence of every essential element of the offense with which defendant was charged, and her motions for nonsuit were properly denied.

[3] The fact that essential portions of the State's evidence was supplied by the extrajudicial confession of McElveen, which inculpated defendant, is immaterial. Although such portions of McElveen's confession as tended to incriminate defendant should have been excluded had timely objection been made, *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968), no such objection was made. Moreover, in this case, the codefendant, McElveen, testified at the trial, so that defendant was accorded her right of confrontation.

[4] Finally, defendant contends that the trial judge erred in failing to charge the jury as to "circumstantial evidence as applied to the facts." In this connection defendant contends that although there was direct evidence that defendant received the cards and that she still had them in her possession a few hours

later, the evidence that she knew they had been stolen and that she intended to use them unlawfully was altogether circumstantial. From this, defendant argues that she was entitled to have the jury instructed as to how they should view circumstantial evidence. It is true, of course, that a person's knowledge and intent concerning some particular matter must frequently be arrived at by inference from proof of other facts, and in that sense the evidence to show knowledge and intent in the present case may be considered to be circumstantial. Where, however, the proof of the other fact is so direct and the inference to be drawn is so compelling as it is in the present case, a separate instruction as to how circumstantial evidence should be viewed seems hardly appropriate. The judge here did clearly and explicitly instruct the jury that in order to find defendant guilty they were required to find from the evidence beyond a reasonable doubt both that she knew that the cards had been stolen and that she intended to use them unlawfully. Where the charge is correct as to burden and measure of proof, then, in absence of a specific request to instruct the jury as to how they should regard circumstantial evidence, the failure of the trial judge to give such an instruction will not be held to be reversible error. *State v. Warren,* 228 N.C. 22, 44 S.E. 2d 207 (1947). Here, the record fails to indicate clearly that any request for special instructions was submitted at the time and in the manner required by G.S. 1-181.

In defendant's trial and in the judgment rendered we find

No error.

Judges MORRIS and VAUGHN concur.