STATE OF NORTH CAROLINA v. WELDON MASON

No. 7414SC948

(Filed 5 February 1975)

1. Conspiracy § 6; Robbery § 4— conspiracy to commit armed robbery —
   sufficiency of evidence

   Evidence was sufficient to be submitted to the jury in a prosecution for conspiracy to commit armed robbery where it tended to show that defendant and two others met in a vacant lot to discuss how they could make some money, one of the conspirators suggested the movies, defendant indicated that he needed a gun, defendant stated that he was "going to show all how to pull a robbery," defendant demanded money at a theater, and the theater employee complied by placing money in a bag held by one of the conspirators.

2. Criminal Law § 66— identification of defendant — observation at crime
   scene as basis

   In a prosecution for armed robbery, the trial court properly determined that testimony of a theater manager identifying defendant as one of the men who robbed a theater employee was based solely on the manager's observation of defendant at the crime scene.

3. Criminal Law § 173— objectionable testimony of State's witness —
   error invited by defendant

   The trial court did not err in failing to strike a portion of testimony by a police detective where the objectionable testimony was brought out by defendant's counsel on cross-examination of the State's witness.

APPEAL by defendant from *Brewer, Judge,* 28 May 1974 Session of Superior Court held in DURHAM County. Heard in the Court of Appeals on 23 January 1975.

Defendant was tried upon separate bills of indictment charging him with assault with a deadly weapon with intent to kill, inflicting serious injury, armed robbery, and conspiracy to commit armed robbery. The jury returned a verdict of guilty on all charges, and from a judgment imposing prison sentences totaling fifty years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Vann & Vann, by Arthur Vann III, for defendant appellant.*

MARTIN, Judge.

Defendant contends in his first assignment of error that the trial court erred in denying his motion for nonsuit on the charge of conspiracy. It is argued that the State's evidence raised only a suspicion that the crime of conspiracy was committed.

A criminal conspiracy is the unlawful concurrence of two or more persons in a scheme or agreement to do an unlawful act or to do a lawful act unlawfully. *State v. Miller,* 15 N.C. App. 610, 190 S.E. 2d 722 (1972). "Direct proof of the charge is not essential, for such is rarely obtainable. It may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy." *State v. Whiteside,* 204 N.C. 710, 169 S.E. 711 (1933).

[1]   We are of the opinion, and so hold, that defendant's motion for nonsuit was properly overruled. State's evidence, through testimony by one McGill, tended to show that on 15 December 1973 defendant, Joe McGill, and Aubrey Johnson met together at a vacant lot. Defendant asked, "How can we make some money?" or "Where can we make some money?" McGill suggested the movies. According to testimony, McGill knew defendant was speaking of robbery. Defendant indicated that he needed a gun, and McGill said, "Yes, man." A shotgun was obtained from Johnson's home. McGill testified that en route to the theatre defendant said, "I am going to show all how to pull a robbery." Arriving at the Yorktown Theatre in Durham, defendant demanded money, and the theatre employee complied,

placing money into a bag held by Johnson. McGill also testified that he participated in the robbery out of a fear of defendant. We find the evidence sufficient to survive a motion for nonsuit on the charge of conspiracy.

[2]  James Beaulieu, manager of the Yorktown Theatre, was allowed to testify that defendant was one of the men who robbed his theatre and shot him. Before admitting this testimony, a voir dire examination was held to determine its admissibility. Based on ample evidence, the trial court found that the in-court identification was not the result of any impermissibly suggestive pre-trial identification procedures and that the in-court identification was based solely on what the witness saw at the time of the crime. Such a finding, supported by competent evidence, is conclusive on appeal and must be upheld. Defendant's assignment of error in this matter is overruled.

[3]  Defendant argues the trial court erred in failing to strike a portion of testimony by Detective Moore of the Durham police. The record shows that this testimony was brought out by defendant's counsel on cross-examination of the State's witness. "Defendant may not complain of the admission of testimony brought out by his counsel in the cross-examination of a witness for the state . . . . " 3 Strong, N. C. Index 2d, Criminal Law, § 173, p. 145.

We conclude defendant's trial was free of prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.