STATE OF NORTH CAROLINA v. BRISCO LOCKLEAR, ALIAS T-BO

No. 7516SC106

(Filed 21 May 1975)

1. Conspiracy § 6— conspiracy to break or enter — sufficiency of evidence
   The State's evidence was sufficient for submission to the jury on the issue of defendant's guilt of conspiracy to break or enter with intent to commit larceny where it tended to show that defendant was present when four others planned a break-in of a service station for the purpose of stealing cigarettes, defendant told the others he had a key to a bathroom where the cigarettes could be stored and would give them $1.50 for each carton, and defendant disposed of the stolen cigarettes.

2. Criminal Law § 92— consolidation of charges for trial — five defendants
   The trial court did not err in the consolidation for trial of charges against defendant for conspiracy to break or enter with intent to commit larceny and receiving stolen property, charges against three other persons for conspiracy to break or enter with intent to commit larceny, charges against two of those persons for breaking and entering and larceny, and a charge against a fourth other person for receiving stolen property where the offenses all grew out of the conspiracy to break and enter a service station and were so connected in time, place and circumstances as to constitute one continuous episode. G.S. 15-152.

ON *certiorari* to review the trial of defendant before *Hall, Judge.* Judgment entered 17 May 1974 in Superior Court, ROBESON County. Heard in the Court of Appeals 10 April 1975.

This is a criminal prosecution wherein the defendant, Brisco Locklear, was charged in separate bills of indictment, proper in

form, with the felonies of (1) conspiracy to break or enter with the intent to commit larceny and (2) receiving stolen goods having a value of $1,400.00.

The defendant pleaded not guilty and was found guilty on both charges. From a judgment that defendant be imprisoned for not less than six (6) nor more than nine (9) years, he appealed.

*Attorney General Edmisten by Deputy Attorney R. Bruce White, Jr., and Assistant Attorneys General Guy A. Hamlin and Zoro J. Guice, Jr., for the State.*

*John C. B. Regan III for defendant appellant.*

HEDRICK, Judge.

[1] Defendant contends the trial court erred in denying his motions for judgment as of nonsuit as to the charge of conspiracy to break or enter with the intent to commit larceny.

At the trial, the State offered the testimony of Melvin Watts who stated that on about 30 July 1973 he and a man by the name of Lewis Lowery discussed breaking into a service station located in Robeson County owned by Grover Strickland for the purpose of stealing cigarettes. Later that day, Watts talked with Carl Odis Lowery, Richard Lowery, and John Jones, and they agreed to participate in the theft of the cigarettes. The next morning the four men went to Lewis Lowery's house to further discuss the break-in. The defendant was with Lewis Lowery when they arrived. Lewis Lowery told them that he would sell each carton of cigarettes for $1.50 and that the proceeds would be split five ways. The defendant told Watts that "he had a key for a bathroom for some station that they could deliver the cigarettes to." That night Watts, Richard Lowery, Carl Odis Lowery and John Jones entered Strickland's service station and, among other things, removed eighteen cases of cigarettes. Immediately thereafter, they met the defendant and Lewis Lowery at a designated location "called Five Lakes". Defendant and Lewis Lowery loaded seven cases of the cigarettes into the back of Lowery's pickup truck and carried them "into Pembroke somewhere." They returned about an hour later and carried away the remainder of the cigarettes. The next day the defendant and Lewis Lowery met the other four men, told them that they were only able to receive $1.25 per carton and paid them $135.00 each.

Richard Lowery testified for the State that when he, Melvin Watts, Carl Odis Lowery, and John Jones went to Lewis Lowery's house prior to the break-in, the defendant told them he had a key to a bathroom where the cigarettes could be stored and that he would give them $1.50 for each carton they stole.

Grover Strickland testified that his place of business, a filling station and grocery store, was broken into on the night of 31 July 1973 and that 710 cartons of cigarettes, having a value of approximately $1,600.00, were taken.

A criminal conspiracy is the unlawful concurrence of two or more persons in a scheme or agreement to do an unlawful act or to do a lawful act unlawfully. *State v. Mason*, 24 N.C. App. 568, 211 S.E. 2d 501 (1975) ; *State v. Miller*, 15 N.C. App. 610, 190 S.E. 2d 722 (1972). "Direct proof of the charge is not essential, for such is rarely obtainable. It may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy." *State v. Whiteside*, 204 N.C. 710, 712, 169 S.E. 711, 712 (1933). The fact that the defendant did not personally participate in the overt act is not material if it is established by competent evidence that he entered into an unlawful confederation for the criminal purpose alleged. *State v. Andrews*, 216 N.C. 574, 6 S.E. 2d 35 (1939).

In view of the aforementioned legal principles, we are of the opinion that when the evidence is considered in the light most favorable to the State it was clearly sufficient to require submission of the conspiracy charge to the jury and to support the verdict.

[2]   Defendant next contends that it was error for the court to consolidate for trial his cases with the cases against Carl Odis Lowery, John Jones and Lewis Lowery. The record discloses that Carl Odis Lowery, John Jones, Lewis Lowery, Richard Lowery, Melvin Watts and the defendant were charged in a single bill of indictment with conspiracy to break or enter Strickland's service station with the intent to commit larceny; that Carl Odis Lowery and John Jones were charged in separate bills of indictment with breaking or entering with the intent to commit larceny and larceny; and that the defendant and Lewis Lowery were charged in a single bill of indictment with receiving stolen goods having a value of $1,400.00. All charges except

Trust Co. v. Elzey

those against Melvin Watts and Richard Lowery, who testified for the State, were consolidated for trial.

It is well-settled that the question of consolidation is a matter to be resolved in the sound discretion of the trial judge. G.S. 15-152; *State v. Wright,* 270 N.C. 158, 153 S.E. 2d 883 (1967); *State v. Arney,* 23 N.C. App. 349, 208 S.E. 2d 899 (1974). Here, the offenses charged all related and grew out of the conspiracy to break and enter Strickland's service station and grocery store on the night of 31 July 1973 and are so connected in time, place, and circumstances as to constitute one continuous episode. In fact, the defendant was indicted in a single bill of indictment with the three other defendants on the conspiracy charge and both he and Lewis Lowery were charged in the same bill of indictment with receiving stolen goods. We are of the opinion and so hold that the trial court did not abuse its discretion in consolidating defendant's trial with the trial of the other defendants.

Defendant had a fair trial free from prejudical ·error.

No error.

Judges BRITT and MARTIN concur.