STATE OF NORTH CAROLINA v. LAWRENCE EDWARD SAMUEL

No. 7521SC499

(Filed 19 November 1975)

1. Criminal Law § 92— consolidation of charges — no error

Defendant was not prejudiced by the consolidation of his case with that of another person who was charged with the same armed robbery as defendant.

2. Criminal Law § 158— photograph not in record on appeal — no error in admission shown

Defendant failed to show error in the admission of a photograph into evidence where the photograph did not appear as a part of the record on appeal.

3. Criminal Law § 60— fingerprint evidence — admission proper

The trial court did not err in allowing a witness who qualified as a fingerprint expert to give opinion testimony as to the length of time a fingerprint had been on a cigar box from which money was seized during an armed robbery.

APPEAL by defendant from *Albright, Judge.* Judgment entered 13 March 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 25 September 1975.

In two bills of indictment, proper in form, defendant was charged (1) with the armed robbery of H. H. Carter and (2) with the armed robbery of Clifton Brown. In separate bills of indictment, one Hubert L. Dean II also was charged with the armed robbery of Carter and Brown.

At a previous session of the court, Dean was tried separately for the armed robbery of Carter and was found not guilty. At the 10 March 1975 Session of the court, the State moved that the remaining case against Dean and the two cases against defendant be consolidated for trial. Over defendant's objection, the motion was allowed.

Evidence presented by the State tended to show:

On 4 December 1974 Carter, a self-employed watchmaker, was operating his store on North Liberty Street in the City of Winston-Salem; his father-in-law, Mr. Brown, was also in the store. Around 11:00 a.m. two men entered the store. One of the men, whom Carter identified at trial as Dean, asked to see a watch. While Carter was showing Dean a watch near the front of the store, the other man went toward the back where Brown

was. Shortly thereafter Dean produced a pistol and announced a holdup. Thereupon the second man relieved Brown of his wallet, struck Carter over the head with a 12-inch file or rasp, lacerating the left side of his head, and seized money from a cigar box under the counter. After that the robbers took several watches including a Timex quartz watch, fled through the front door and headed north on Liberty Street.

Carter immediately notified police. Police Sergeant W. M. Reavis, parked in a car a short distance from the store, heard the broadcast regarding the robbery. He observed two subjects, meeting the descriptions of the robbers stated in the broadcast, coming down the street nearby. About that time the men began running in different directions. Aided by other police, Sergeant Reavis overtook Dean and placed him under arrest. At the time he was apprehended, Dean had in his possession a Timex quartz watch with blood on it.

Sergeant Boyd, who qualified as an expert in fingerprint identification, testified that he obtained a latent fingerprint from the cigar box from which the money had been taken, that the print was identical to prints from defendant's left middle finger; and that the latent print had been on the cigar box for no longer than two hours at the time he examined the box shortly after 11:30 a.m. following the robbery at 11:00 a.m.

Dean testified as a witness for himself, denying any participation in the robbery and asserting that the watch found in his possession was given to him by an unidentified person immediately before he began running. Defendant presented no evidence.

The jury found Dean not guilty but found defendant guilty as charged. The charges against defendant were consolidated for judgment and from judgment imposing prison sentence of not less than 25 nor more than 30 years, to begin at the expiration of another specified sentence, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*William Z. Wood, Jr., for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error, defendant contends the court erred in granting the State's motion to consolidate the

cases against defendant and the case against Dean for trial. We find no merit in the assignment.

It is well settled in this jurisdiction that the question of consolidation of indictments against defendants charged with committing similar offenses at the same time and place is addressed to the sound discretion of the trial court. *State v. Wright,* 270 N.C. 158, 153 S.E. 2d 883 (1967); *State v. Johnson,* 280 N.C. 700, 187 S.E. 2d 98 (1972); *State v. Arney,* 23 N.C. App. 349, 208 S.E. 2d 899 (1974); *State v. Locklear,* 26 N.C. App. 26, 214 S.E. 2d 797 (1975). While recognizing this rule, defendant argues that his case should be an exception as was true in *State v. Bonner,* 222 N.C. 344, 23 S.E. 2d 45 (1942).

We find it easy to distinguish the cases. In *Bonner,* four defendants were charged individually and in separate bills of indictment with murder; at trial, the State relied heavily on confessions of two defendants separately made and on confessions of the other defendants jointly made; some of the confessions implicated other defendants who were not present when the confessions were made; and none of the defendants testified at the trial. Although the trial court instructed the jury to consider the confessions only as against the defendants making them, the Supreme Court held that the appealing defendants were prejudiced and should have been tried separately. In the case at hand, no confession is involved.

[2] By his second assignment of error, defendant contends the court erred in admitting into evidence a photograph allegedly portraying Carter's head injuries after the robbery. The photograph, about which defendant complains, does not appear as a part of the record on appeal, therefore, no error is shown. There is a presumption in favor of regularity and it is incumbent on an appellant to show otherwise. 3 Strong, N. C. Index 2d, Criminal Law § 158, p. 108; *State v. Hill,* 9 N.C. App. 279, 176 S.E. 2d 41 (1970), *rev'd on other grounds,* 277 N.C. 547, 178 S.E. 2d 462 (1971).

[3] By his third assignment of error, defendant contends the court erred in allowing Sergeant Boyd, who qualifed as a fingerprint expert, to give opinion testimony as to the length of time the print in question had been on the cigar box. This assignment has no merit.

In matters requiring expert skill or knowledge, about which a person of ordinary experience would not be capable of form-

ing a satisfactory conclusion, the admission of expert opinion is necessary, and in such cases competent. *Lindstrom v. Chesnutt,* 15 N.C. App. 15, 189 S.E. 2d 749 (1972), *cert. denied,* 281 N.C. 757, 191 S.E. 2d 361 (1972). In the case at hand, the witness gave sound reason for his opinion, namely, the presence of moisture on the print and the fact that moisture on a fingerprint gradually disappears as the print gets older. The assignment of error is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief and find them also to be without merit.

No error.

Judges PARKER and CLARK concur.