PER CURIAM.
The appellant was charged in a two-count information with possession and sale of a controlled substance. At the time of trial an undercover agent testified to the purchase of four packets, the contents of which were not described. The packets were marked for identification. Thereafter, the State produced an expert on chemical analysis, who testified that he had examined four packets and they contained a controlled substance sufficient in quantity to warrant a felony prosecution. He did not identify the four packets as being the same ones referred to by the undercover officer in his testimony.
At the conclusion of the State’s case, defense counsel made a proper motion for acquittal, which motion was denied. Thereafter, the defendant put on a defense and, subsequent to the conclusion of all the evidence and further motions for acquittal, the trial judge (non-jury) found the appellant guilty as charged, adjudicated him guilty, and sentenced him accordingly. This appeal ensued. The principal point on appeal is that the trial court erred in denying the motion for acquittal at the close of the State’s case.
The alleged packets of marijuana could not have been admitted into evidence because the chain of possession was not sufficiently established. Novak v. District of Columbia, 82 U.S.App.D.C. 95, 160 F.2d 588 (1947), compare Urga v. State, 155 So.2d 719 (Fla. 2nd D.C.A.1963). Therefore, testimony as to the chemical analysis of the contents of the packets would not serve to sustain a conviction. The undercover agent could have established the nature of the substance, which he allegedly purchased from the defendant, had he been qualified as an expert in some fashion. However, he did not. Cali v. State, 111 So.2d 703 (Fla. 2nd D.C.A.1959); Koran v. State, 213 So.2d 735 (Fla. 3rd D.C.A.1968); Salas v. State, 246 So.2d 621 (Fla. 3rd D.C.A.1971).
In the State’s brief, it is conceded that the police chemist testified concerning the contents of the packets without directly connecting them to the undercover officer or the defendant. Without a' connection, however, there is nothing to establish a necessary link between the chemist’s testimony as to the contraband and the defendant.
Therefore, the conviction, adjudication, and sentence under review be and they are reversed with directions to discharge the appellant.
Reversed and remanded, with directions.